## SUPREME COURT.

GEORGE SHERWOOD, appellant, agt. THE BUFFALO & NEW-
YORK CITY RAILROAD COMPANY, respondent.

None of the provisions of the Code, in relation to "proceedings supplementary
to execution," are applicable to judgments against *corporations*. (10 *How. Pr.
R.* 487, *decides the same, so far as* § 292 *is concerned.*)

The proceeding under § 294 is one merely in *aid* of the principal proceeding
against the judgment-debtor, and *must be had in connection with it;* and
cannot be resorted to *independently* of any proceeding against such judgment-
debtor.

Under the Code, an *attorney* has a claim in the nature of a *lien* upon a judg-
ment recovered by him for his client, for his services in the suit, and a right,
as against the client, to collect the judgment and retain the proceeds, or suffi-
cient of them to satisfy his claim for his services.

By § 299, when a party is summoned before the judge under § 294, and denies
the debt alleged to be due, or claims the property alleged to belong to the
judgment-debtor, such debt or property shall be recovered *only in an action
by the receiver.*   Therefore the judge, upon these supplementary proceedings,
has no jurisdiction to try such claim.

*Niagara General Term, Sept.,* 1855.
*Present,* BOWEN, P. J., MULLETT and GREENE, *Justices.*
APPEAL from an order of the county judge of Wyoming
county, dismissing proceedings supplementary to execution.

J. W. THOMPSON, *for appellant.*
J. G. HOYT, *for respondent.*

By the court—GREENE, Justice.   The affidavits in this case
show the recovery of a judgment by plaintiff against the de-
fendant prior to the commencement of this proceeding, and that
an execution had been issued to the sheriff of Wyoming county,
where the judgment had been docketed, and returned unsatisfied.
It also appears that, at some time prior thereto, the defendant
had recovered judgments against Brainard & Smith, which were,
at the time of the return of the execution, due and owing to the

defendant. Upon these affidavits the plaintiff made an application to Scott, county judge of Wyoming county, for an order that Brainard & Smith appear and answer concerning the debts respectively owing by them to the defendant. An order was accordingly issued and served upon Smith & Brainard, requiring them to appear; but no order was made for the defendant's appearance. Smith & Brainard appeared on the return-day mentioned in the order, and were examined, and proved the recovery against them of the judgments set forth in the affidavit of the plaintiff.

On the same day John B. Skinner, 2d, appeared, and served a notice on Smith & Brainard, and on the judge, that he was attorney for the defendant in the actions in which the judgments were recovered; that both of the judgments were for costs; and that he (Skinner) owned or had a lien on the judgments, for his services as attorney in procuring them, to their full amount. On proof of these facts, the county judge denied the plaintiff's motion for an order that Brainard & Smith pay the amount of the judgments to him, on the ground that Skinner had a lien thereon for his services.

The order of the county judge was right, for several reasons.

*First.* It has been decided by this court, at general term, in the case of *Hinds* agt. *The Canandaigua & Niagara Falls Railroad Company*, (10 *How.* 487,) that the provisions of the Code, in regard to these proceedings, are not applicable to judgments against corporations. The court in that case held that resort must still be had against corporations in such cases to the remedies prescribed by the Revised Statutes against corporations. The proceeding in that case was under § 292, but the principle upon which it proceeds is applicable alike to all proceedings under the Code.

It was also held, in *Morgan* agt. *The New-York & Albany Railroad Company*, (10 *Paige*, 20,) that the provisions in the Revised Statutes, in relation to creditors' bills, for which these proceedings are a substitute, were not applicable to corporations.

It appears from the opinion of Justice Johnson, in the case

first cited, that this court has also decided, in a case not reported, that the proceeding under § 294 is one merely in aid of the principal proceeding against the judgment-debtor, and *must be had in connection with it*, and cannot be resorted to independently of any proceeding against such judgment-debtor. (10 *How.* 459; *see also* 4 *How.* 178.)

I am inclined so to hold, on an examination of the statute. If this proceeding can be entertained in any other way than in connection with, and auxiliary to, the proceeding against the defendant in the judgments under § 292, debts due and property belonging to him may be applied on a judgment which has been paid; or, in other words, upon an alleged debt which he does not in fact owe.

Section 294 requires no notice to him. The proceeding may be commenced and conducted to its conclusion without his knowledge. A payment by his creditor of a debt due, or a delivery and application, by a third person, of property belonging to the defendant, pursuant to a judge's order, under § 297, would be good as against him, and thus, by such a proceeding, he might be deprived of his rights without a hearing.

The chapter of the Code in relation to supplementary proceedings, contains no provision by which the defendant, when he appears before the judge, can contest his liability to pay the judgment. But there are other remedies than those provided by this chapter, by which any injustice that might result from its provisions may be prevented. When a defendant is proceeded against under § 292, and denies the existence of the alleged judgment, or his liability to pay it, the judge before whom the proceeding is pending, might, probably, refer the question under the 4th section of chapter 2 of the first title of the act supplementary to the Code, and thus the question of the defendant's liability upon the judgment might be determined before he was compelled to pay it. But if that remedy is not applicable to such a case, the court in which the judgment was rendered would have power to stay the proceedings until the plaintiff could bring an action on the judgment, in which the question could be properly tested.

Sherwood agt The Buffalo & New-York City Railroad Company.

After the defendant has had notice of proceedings under § 292 to enforce the judgment, and fails to appear or deny his liability to pay it, proceedings may be instituted under § 294, even without notice to him, without any great danger of compromising his rights. ˙ But to permit such a proceeding without any notice to the defendant of any proceeding in which he would have an opportunity to assert his rights, would open the door to great injustice and fraud. I do not think the 294th section, when read in connection with the other provisions of the chapter in which it is found, requires such a construction.

Upon both of the grounds above suggested, the proceeding before the county judge was entirely without jurisdiction.

This view of the case renders it unnecessary to decide upon the validity of Skinner's claim. I have no doubt, however, that an attorney has still a claim in the nature of a lien upon a judgment recovered by him for his client, for his services in the suit; and a right as against the client to collect the judgment and retain the proceeds, or sufficient of them to satisfy his claim for services.

The cases cited in 4 *Barb. S. C. R.* 47, fully establish this right in favor of the attorney, as the law stood before the Code. In ˙my opinion, that statute has not changed the law on this subject. It was always the *party* who recovered costs, not the attorney; and in the absence of notice to the other party of the attorney's lien, payment might be made to the prevailing party, and such payment would be a good satisfaction of the judg-. ment.

But this was a question which the county judge had no jurisdiction to decide. It is expressly provided by § 299, that when a party is summoned before the judge, under § 294, and denies the debt alleged to be due, or claims the property alleged to belong to the judgment-debtor, such debt or property shall be recovered only in an action by the receiver. This provision, applicable in its terms to one party only, embodies a principle so essential to the rights of parties, that it must be held applicable to *all cases* where the validity of a claim, or the title to property sought to be applied to the

payment of the judgment, is disputed. It could not have been intended, and can never be tolerated, until the legislature shall expressly so declare, that questions of this character should be decided in this summary way, or in any proceeding but an action conducted according to the established course of the law in adjusting such controversies.

The order of the county judge must be affirmed.