## GIBSON *a.* HAGGERTY.

*Supreme Court, First District; General Term, May,* 1862.

### SUPPLEMENTARY PROCEEDINGS.—THIRD PARTY.—NOTICE TO JUDGMENT-DEBTOR.

In all cases where an application is made under section 294 of the Code, for the examination of a third person, in proceedings supplementary to judgment, notice of the proceeding should be given to the judgment-debtor.

The title of a *bona-fide* assignee of a judgment-debtor's property cannot be affected by an order under section 294 of the Code, made subsequent to the assignment, where the assignee has had no notice of the proceedings.

Appeal from a judgment.

This action was brought by James Gibson, assignee of Hugh McCrossan, against William C. Haggerty and Ogden Haggerty, to recover $105.46. In July, 1859, William Sturgis and others recovered judgment against McCrossan, the assignor of the plaintiff, and an execution issued thereon was returned unsatisfied. On a sufficient affidavit, an order, under section 294 of the Code, was made by Mr. Justice Roosevelt, in November, 1859, requiring the present defendants to appear and answer, concerning any property in their hands belonging to the judgment-debtor McCrossan. One of the defendants, examined under this order, testified that there was in the hands of the defendants' firm of Haggerty & Co., belonging to the judgment-debtor McCrossan, the sum of $105.46. Upon this examina-

tion, Mr. Justice Clerke, on December 5th, 1859, made an order requiring the defendants to pay this sum of $105.46 to the said judgment-creditors of McCrossan; and on the same day the defendants paid the same. The plaintiff alleged that the judgment-debtor McCrossan had, in fact, made an assignment of these moneys to him on the 27th day of April, 1859; but admitted that the defendants had no notice of it, at the time they made the payment under the order. The plaintiff herein made a demand upon the defendants of these moneys, to wit, $105.46, before the commencement of this action. Judgment was rendered for the defendants, and plaintiff appealed. By stipulation, the only question to be decided now was, whether the order of Judge Clerke of December 5th, 1859, under which the defendants paid the $105.46, was legal and valid.

*John C. Dimmick*, for the appellant.—I. Proceedings under section 294 of the Code can only be used in aid of the principal proceeding under section 292, against the judgment-debtor. (Hinds *a.* Canandaigua & Niagara Falls R. R. Co., 10 *How. Pr.*, 487; Sherwood *a.* Buffalo & N. Y. City R. R. Co., 12 *Ib.*, 136.)

II. The same question was also decided in the same way, at a general term of this district, in September, 1860. (Lord *a.* Ford,* *MS. Case.*) It is, therefore, no longer an open question in this district.

*Gershom A. Seixas*, for the respondents.—I. Neither section 293 nor section 294, in terms, refers to section 292, and there is no language in either to indicate that their provisions were intended to be only incidental to the provisions of section 292. The objection of want of notice to the judgment-debtor, is met by the express language of section 294, making the notice discretionary with the judge. (See Seeley *a.* Garrison, 10 *Abbotts' Pr.*, 460.) There is nothing in the statute from which an implication ought to be drawn, that sections 293, 294, can only afford remedies in cases where proceedings under section 292 have first been set in motion. Section 294, in terms, provides for cases in which no proceedings can be taken under section

---

* Reported, *infra*, 409, *note.*

292, and which are without the terms of the latter section; and section 293, in terms, provides for cases in which no proceedings can be taken under either of the other two sections named, and which are without the terms of both. The express intention of the Legislature to provide for the cases mentioned in the terms of each section, shows that the design was to give to each an operation independent of the others, for without it that intention cannot be effectuated. Instances of this kind have already occurred, and are reported, in which the independent operation of section 294 became absolutely necessary—instances in which no proceedings could be taken under section 292. (Curtois a. Harrison, 3 *Abbotts' Pr.*, 96; 12 *How. Pr.*, 359; Lowber a. Mayor, &c., of N. Y., 5 *Abbotts' Pr.*, 268; The same a. The same, 7 *Ib.*, 248; McBride a. Farmers' Branch Bank, *Ib.*, 347.)

II. This construction has been judicially considered and adopted by the highest judicial tribunals in this judicial district. (McBride a. Farmers' Branch Bank, 7 *Abbotts' Pr.*, 347; Foster a. Prince, 8 *Ib.*, 407; Seeley a. Garrison, 10 *Ib.*, 460.) The papers in Lord a. Ford cannot be considered as overruling the reported cases. What questions the court considered does not appear; and there is certainly no reason to believe that the court deliberately reconsidered and overruled the case of McBride a. Farmers' Branch Bank (7 *Abbotts' Pr.*, 347), and Foster a. Prince (8 *Ib.*, 407), previously decided by general term of the same district.

III. The examination under section 294 being regular and legal, the order made under section 297 is legal and valid. (See Foster a. Prince, 8 *Abbotts' Pr.*, 407.)

Rosekrans, J.—It is not necessary in this case to question or consider the numerous decisions which hold that proceedings under section 294 may be taken without obtaining an order for the examination of the judgment-debtor under section 292 of the Code. In none of these did the question arise which is presented in this case.* The property of the judgment-debtor

---

* In the following cases this question was passed on, and the later of them sustain the views that, as a question of power, at least, the proceedings under section 294 may be allowed without any order under section 292.

which, by the order, was directed to be paid over in part satis-faction of the judgment prior to the making of the order, had been assigned to the plaintiff; and no question is made as to the good faith and validity of the assignment, and of course the

In LORD *a.* FORD (*Supreme Court, First District; General Term, September*, 1860), it was *Held*, that the proceeding under section 294 of the Code is merely ancillary to the proceeding under section 292, and cannot be taken independently of pro-ceedings under the latter section.

Appeal from an order vacating an order for the examination of a third party under section 294 of the Code.

In June, 1859, judgment was recovered by D. Porter Lord, plaintiff, against Augustine Ford, defendant, for $535.03. On the same day, execution was issued to the sheriff of New York, who afterwards returned the same wholly unsatisfied. In March, 1860, an order was made by Mr. Justice Sutherland requiring Charles F. Wetmore to appear and be examined concerning his indebtedness to defendant, pursuant to section 294 of the Code. On the 25th April, 1860, after hearing counsel for the parties, an order was made by Mr. Justice Peckham, vacating so much of the order of 28th March as required Wetmore to appear and be exam-ined, on the ground that no order for the examination of the judgment-debtor had been made. From this order of 25th April, plaintiff appealed to the general term.

*Charles F. Sandford*, for the appellant.—I. The question has been virtually de-cided in Foster *a.* Prince (8 *Abbotts' Pr.*, 407). In that case, an appeal was taken to the general term of this district from an order made at special term, directing a creditor of the judgment-debtor to pay over to the plaintiff the sum due from him to said judgment-debtor. One of the points argued by counsel for defendant was, that this proceeding must be had in connection with proceedings instituted under section 292. The court dismissed the appeal without directly deciding this point. (Opinion of ROOSEVELT, P. J.) The precise point has been adjudicated by the N. Y. Common Pleas, at general term, in Seeley *a.* Garrison (10 *Abbotts' Pr.*, 460).

II. The rule laid down in Sherwood *a.* Buffalo & New York R. R. Co. (12 *How. Pr.*, 136) would defeat the object of the statute. Suppose the judgment-debtor to have absconded from the State, leaving debts due him from responsible resi-dents : can it be that a creditor would be obliged to obtain and serve an order in proceedings supplementary on him before proceeding under section 294? Such a requirement would be tantamount to withholding the remedy.

III. The main object of examining the judgment-debtor, is to ascertain whether or not there is money due him from others. If the fact be ascertained without such examination, the occasion for it is wholly dispensed with. In such case, all that can reasonably be required is, that the judgment-debtor be notified, if prac-ticable; and, in some instances, even this formality might be properly dispensed with.

*Charles F. Wetmore*, respondent in person.

SUTHERLAND, P. J., and ALLEN, J. (the former with some hesitation), concurred in affirming the order.

BONNEY, J., expressed no opinion.

title of the fund mentioned in the order was in the plaintiff as such assignee.

The order, as a necessary consequence, could not operate upon it; nor could the plaintiff's title be devested by a proceed-

---

In HOLMES a. JORDAN (*Supreme Court, First District*; at *Chambers, March*, 1863), it was *Held*, that the proceeding under section 294 of the Code is independent of the proceeding under section 292.

Motion to vacate an order issued under section 294 of the Code.

Judgment was recovered in this action by Samuel Holmes, Samuel H. Holmes, Peter J. Stryker, and Lewis D. Jackson, against Lewis J. Jordan, for $320.22. Plaintiffs procured an order, under section 294 of the Code, for the examination of one Leopold Samson. It appeared by the affidavit on which the order was granted that Samson had certain property of the judgment-debtor, that the latter had left the State for Europe, and that plaintiffs could not ascertain his residence. No proceeding under section 292 was instituted. Samson moved to set aside the order on this ground. ·

*Henry D. Lapaugh*, for the motion, cited Sherwood a. Buffalo & N. Y. City R. R. Co. (12 *How. Pr.*, 156) ; Lord a. Ford (*Ante*, 409).

*J. Francis Walton*, opposed, cited Curtois a. Harrison (3 *Abbotts' Pr.*, 96 ; McBride a. Farmers' Branch Bank (7 *Ib.*, 348) ; Foster a. Prince (8 *Ib.*, 407) ; Seeley a. Garrison (10 *Ib.*, 491) ; Ward a. Beebe (*MS. Case;* since reported, *Ante*, 372).

BARNARD, J., after consultation with SUTHERLAND, P. J., and LEONARD, J., announced that BARNARD and LEONARD, JJ., agreed in the opinion that the proceeding under section 294 was independent of the proceeding under section 292 ; and that the three justices coincided in the opinion that in cases where an order under section 292 would be ineffectual, as by the absconding of the judgment-debtor, or from the fact that the judgment-debtor was a corporation, or any other sufficient reason, an order under section 294 should be upheld, without regard to the fact that no order under section 292 had been issued.

Motion denied.

· · · ·

---

In PARKER a. HUNT (*Supreme Court, First District; at Chambers, March*, 1863), it was *Held*, that the proceeding under section 294 of the Code may be taken independently of any proceeding under section 292 ; and that the failure of a party to appear on an adjourned day in supplementary proceedings may be punished as a contempt, although the adjournment was made in the absence of the party, upon the consent of his attorney.

Proceedings to punish as a contempt a failure to appear in supplementary proceedings.

Charles Parker recovered judgment against Isaac L. Hunt and Julia A. Chapman for $440.75; after the return of execution unsatisfied, George M. Chapman, the assignee of the judgment, obtained an order for the examination of one Joseph E. Allen, under section 294 of the Code ; no proceeding under section 292 was instituted. Allen attended on the return-day for a few minutes, and then left the court-room. His attorney moved to set aside the order, on the ground that no proceeding under section 292 had been taken. Mr. Justice Barnard denied the motion ; and then, by consent of the attorneys in Allen's absence, the

ing between others of which the plaintiff had no notice. It is a fundamental principle of the law, that no one can be deprived of his property without due process of law, and a proceeding against a party without such notice is not such process. Section 294 leaves it to the discretion of the judge whether notice shall be given to the debtor, or other party to the action.

It may be proper to say, that some of the judges in this district uniformly require notice to be given to the debtor; and others hold, as a matter of precaution, that no order should be made for an appropriation of the defendant's property to the payment of the judgment under section 294, unless an order is made under section 292 of the Code.

We think that in all cases where an application is made under section 294, notice of the proceedings should be given to the judgment-debtor.

The stipulation between the parties, that no other question should be raised except as to the validity of the judge's order, cannot be construed as excluding an inquiry into the validity of the order against the plaintiff, the owner of the property.

The order may have been good as between the other parties, but we think it has no force against the plaintiff.

LEONARD, J., concurred.

INGRAHAM, P. J.—I think the assignee was guilty of negligence in not giving notice to the debtors of the assignment.

Had such notice been given to the defendants, they would have had the knowledge necessary to resist the application.

Judgment reversed, and new trial ordered.

proceeding was adjourned to a subsequent day. No memorandum of the adjournment was served. Allen failing to appear on the adjourned day, an attachment was issued, and after the usual interrogatories and answers had been filed, the assignee of the judgment moved that Allen be punished for contempt.

*George W. Paine*, for the motion.

*Stratford C. H. Bailey*, opposed, claimed that the proceeding under section 294 was unauthorized, because no proceeding had been instituted under section 292, and that as the adjournment was made on the consent of the attorney in the absence of the client, the latter was not chargeable with notice of the adjournment.

INGRAHAM, J., overruled these objections, and directed that Allen be punished for contempt, unless he submitted to examination, and paid $15 costs.