JAMES GIBSON, Assignee of HUGH McCROSSAN, Respondent, *v.* WILLIAM C. HAGGARTY and OGDEN HAGGARTY, Appellants.

*Assignment—Chose in Action—Payment by Debtor—Supplementary Proceedings—Debtor of Judgment-debtor.*

The law protects the debtor or Defendants in paying their debt to their creditor, or to any one who comes clothed with such authority as the creditor can confer.

The assignee of a *chose in action* not negotiable may lose his title by omitting to give the requisite notice to the debtor of the assignment.

APPEAL from an order of the Supreme Court at General Term in the First District, reversing a judgment for the Defendants at Special Term, and ordering a new trial.

The Defendants in some dealing with Hugh McCrossan received from him a note, as security for his indebtedness to them. The note being paid, there remained a balance in their hands due to McCrossan.

Sturgis and others, judgment-creditors of McCrossan, instituted supplementary proceedings under § 294 of the Code, and procured an order requiring the Defendants to appear and answer concerning their indebtedness to McCrossan; and upon such examination the Judge made an order requiring them to pay the said balance on and towards the satisfaction of the judgment, and they paid the same accordingly. The Judge made no order requiring notice to be given to McCrossan..

Therefore the present Plaintiff brought this action against the Defendants to recover the same sum, upon the ground that, prior to such order, the judgment-debtor, McCrossan, had assigned to the Plaintiff the claim against the Defendants, of which assignment the Defendants had no notice.

Upon the trial at Special Term the Judge held the Defendants protected by their payment, in pursuance of the order above mentioned, and judgment was accordingly rendered for the Defendants. The Plaintiff appealed to the General Term, when

the judgment was reversed, and a new trial ordered. The Defendants (giving the requisite stipulations) appealed to this Court.

*E. N. Taft* for the Appellants.

*J. C. Dimmick* for the Respondent.

WOODRUFF, J.—I think the Plaintiff cannot maintain this action. He claims to be entitled to certain moneys due from the Defendants to his assignor, McCrossan.

Sturgis and others, judgment-creditors of McCrossan, have collected those moneys in right of McCrossan, and by virtue of proceedings which gave to them all the authority, *as against these Defendants*, which McCrossan himself would have had if he had called on the Defendants and received the money. They having no notice of any assignment to the Plaintiff, a payment to McCrossan would have operated effectually to discharge the Defendants, and the Plaintiff's remedy for the collection of what was due to him, would have been an action or proceeding against McCrossan for so much money had and received, &c. That this would have been the relative position of the Plaintiff and the Defendants, had the latter paid the money to McCrossan, is clear beyond controversy or discussion.

If, then, the proposition above stated is correct, viz., that the supplementary proceedings and order of the Judge in question in this action, giving to the judgment-creditors of McCrossan an authority to collect the money from the Defendants, are available to the latter for their protection, as the authority, or rather, the power of McCrossan himself, then the Defendants are protected by the payment.

To the suggestion that the Plaintiff cannot be deprived of his property without due process of law, it must be answered, that the law protects the Defendants in paying their debts to their creditor, or any one who comes clothed with such authority as the creditor can confer, notwithstanding such payment would operate to deprive the assignee of the responsibility of the original debtor. The title of the assignee was but an equitable title, and if he would protect it he must use the means the law requires for its

protection. The grantee of land may lose his title if he do not record his deed, and the assignee of a chose in action not negotiable may lose his equitable right to proceed against the debtor if he gives no notice of the assignment.

The Plaintiff had no reasonable nor equitable complaint to make that notice of the proceedings was not given to him, when he had given no notice apprising the Defendants that he had any interest.

It is suggested that notice might have been, and ought to have been given to the judgment-debtor, McCrossan. I think it ought always to be given (when notice can be served on him) before an order is made requiring the parties examined to pay over; but the statute makes it discretionary with the Judge. This omission to do so does not change or affect the legal operation of the proceedings; and as respects this Plaintiff, it would not affect my position. McCrossan might not have regarded the notice.

The case stands (in reference to the argument that the section does not authorize the payment of the money to the judgment-creditor, because, having been assigned, it was not "due to the judgment-debtor") just as it would on the appointment of a receiver, and an action by him against the Defendants, recovery and payment by them to the receiver. There is no room to doubt that such payment would be a full defence.

If, before the Code, as now, a creditor's bill were filed and a receiver appointed, and such receiver had brought an action against the Defendants, and recovered the money, it cannot be questioned that payment on such a judgment would protect the Defendants against the Plaintiff (the assignee), of whom they had never heard; and it is no less clear that a payment by them to such receiver, without suit, would have the same effect, and yet, in either case it might be said, with the same propriety as in the present, that the Plaintiff was deprived of his property without due process of law.

I am not able to perceive the force of the suggestion, that an order under § 292 must be first obtained, before the Judge can obtain jurisdiction to make the order for the examination of

10

a debtor, of the judgment-debtor, and direct the payment of what he owes towards the judgment-debt. The terms of § 294 authorize a proceeding thereunder, whether the execution has been returned or only issued. It expressly leaves it in the discretion of the Judge to cause notice to be given, or to suffer the proceedings to be had without the presence of the party to the action. At a time when proceedings could only be taken under § 292 (then § 247, Laws of 1848, p. 543), after an execution had been returned, the subsequent sections provide (§ 248) that after the issuing of an execution, a person indebted might pay to the Sheriff.

And (§ 249) upon an affidavit that a person is indebted to the judgment-debtor, the Judge might require him to appear and be examined, and (§ 252) the Judge might order the property due to the debtor to be applied on the judgment.

I concur fully in the observations made in Sherwood *v.* The Buffalo and N. Y. City R. R. Co. (12 How. 139, and case cited), that to permit a proceeding under § 294, without any notice to the Defendant, and so without giving him an opportunity to appear and assert his rights, opens the door to injustice and fraud. The judgment, as there suggested, may have been paid, or there may be other equitable, and even legal reasons, why it should not be enforced by the Plaintiff.

These are considerations, however, which are addressed to the Judge who has the discretion to exercise, or to the Legislature which has conferred that discretion.

It is, however, pertinent to say, that notice to the judgment-debtor would not have been of any service to the present Plaintiff; and he had voluntarily neglected to give the notice of assignment, which would have enabled, and made it the duty, of the Defendants to resist the order made upon them.

The order granting a new trial must be reversed, and the judgment of the Special Term affirmed.

All concur, except BACON, J.

BACON, J. (dissenting).—The Plaintiff, as assignee of Hugh

McCrossan, brings this action to recover of the Defendants the sum of $105, under the following circumstances :

McCrossan, in November, 1858, being indebted to the Defendants, delivered to them, as collateral security, a note against Martin & Co. for a larger amount. This note was collected by the Defendants, and after applying enough of the proceeds to pay their debt, a balance of $105 was left in their hands belonging to McCrossan.

Previous to the collection of this note of Martin & Co., and on the 26th of April, 1859, McCrossan had made an assignment of all his property to the Plaintiff. On the 2d of July, 1859, William Sturgis and others recovered a judgment against McCrossan of some $1,900, on which execution was issued, and returned unsatisfied. Upon a proper affidavit, an order was obtained on the 3d of November, 1859, for the Defendants to appear and be examined, under § 294 of the Code, as to any money in their hands belonging to the judgment-debtor, McCrossan ; and upon such examination (no proceeding having been taken against the judgment-debtor under § 292, nor any notice of the order requiring Defendants to appear having been given to him), an order was made requiring the Defendants to pay the balance in their hands, $105.46, to the judgment-creditors, Sturgis and others, of McCrossan, and the same day the money was paid over, pursuant to the order.

These facts are all admitted by a stipulation in the case between the attorneys of the respective parties, and it is further admitted by the stipulation, that no notice of the assignment by McCrossan to the Plaintiff was given to the Defendants before the money was paid over by them under the order, and that the only question to be raised on the trial was, as to the validity and legality of the order under which the Defendants paid over the money claimed in the suit.

On the trial, before Justice Barnard, without a jury, the complaint was dismissed ; and on appeal to the General Term, the order dismissing the complaint was reversed, and a new trial granted, from which the Defendants appealed to this Court, stip-

ulating that a final judgment may be rendered against them, if the order of the General Term is affirmed.

By the stipulation in the case, the only question presented for adjudication is the validity and legality of the order made under the 294th section of the Code.

If a literal and narrow construction should be given to the stipulation, it would only raise the question, whether it is competent to make such an order as an independent proceeding, and disconnected with any order under the 292d section, requiring the judgment-debtor first to appear and be examined.

If this were all the point presented, the result would, I think, be very clear that the Defendants would be entitled to judgment. It has, indeed, been a mooted point, whether proceedings under § 294 can be taken in any other way than as connected with, and ancillary to, a proceeding against the judgment-debtor, under the 292d section. Decisions can be found at General and Special Terms in the Supreme Court on both sides of this question. If it is necessary, to set the question at rest, for this Court to decide, I am clearly of opinion that these two sections are susceptible of, if indeed they were not intended to have an operation independently of each other. They have no necessary connection in terms, nor is the issuing an order under § 296 made dependent upon an order previously issued against the judgment-debtor; and, indeed, if this were not so, cases would every day arise where no proceeding whatever could be taken under § 294. If the judgment-debtor should abscond after judgment, and before execution, or the judgment should be rendered against a corporation, there would be no possibility of reaching a claim due the judgment-debtor in the hands of a third party under this section, since no order under § 292 could be issued in such a case.

To obviate the objection, that in this way an order may be made, transferring the debt, without the creditor having an opportunity to be heard, it is provided by § 294 that the Judge issuing the order may require notice of the proceeding to be given, in his discretion, to any party to the action.

This will in practice, usually, and, we think, always should be

done, unless, for reasons that commend themselves to the Judge, it is deemed best to omit it, and affords a sufficient safeguard to the rights of judgment-debtors. Cases may easily be conceived where such notice would not be expedient, and the fact that provision is made for it, is a strong implication that the true construction of the two sections is, that they operate, and may be availed of, entirely independently of each other, and that, consequently, in this case, so far as this question is concerned, the order under the 294th section of the Code was legal and valid.

But this does not end this case, for I think that stipulation has a broader meaning, and involves the inquiry, whether the order, and the payment made under it, were valid as against the Plaintiff in this suit, who became the owner of the claim before the order was made or the money was parted with by the Defendants. It was so treated by the counsel on both sides, and the judgment of the Supreme Court proceeds on that assumption. So treating it, I think the judgment of the Supreme Court was right in holding, that to take the property of a party by an order granted ex parte, and without an opportunity of being heard, is to deprive one of his property without due process of law. It is property belonging to the judgment-debtor which the order under § 294 professes to reach, and which it only can reach; and this money, at the time the order was issued, and the payment was made, was not the property of the judgment-debtor, but of the Plaintiff.

This fact is conceded in the case, and it can with no show of reason be claimed, that by virtue of an order without a hearing of the party most interested in the question, his rights have been judicially determined, and the property has been passed from his hands into another's without any day in Court given him to assert his claims.

This cannot be allowed without disregarding, and practically subverting a fundamental maxim of the law, as well as a constitutional immunity provided for the owner of property. It would indeed be a novel proposition, that in a proceeding between A. & B., which does not rise to the dignity of a lawsuit, but is entirely amicable, and perhaps prearranged, the property of C. can, with-

out his knowledge or consent, be taken from him, and bestowed upon one of the parties to such a procedure.

It is said in the dissenting opinion at the General Term, that the assignee (the Plaintiff) was guilty of negligence in not giving notice of the assignment. It would doubtless have been a prudent proceeding on his part, but I know of no rule of law which requires this to be done, under the penalty of a forfeiture of all his right and interest in the property on failure to give such notice. To whom should the notice be given, in order to protect either party from loss? A notice to the original debtor would, of course, have been unavailable.

There is no proof that the Plaintiff knew that the debt of Martin & Co. had been transferred to the Defendants, nor on what terms they held the balance of the fund; and he surely could not be chargeable with knowledge or notice that Sturgis & Co. were about to take a proceeding that would seize the fund and dispose of it without an opportunity to the Plaintiff to interpose any objection, or assert his claim.

The order appealed from should be affirmed, and judgment rendered for the Plaintiff, pursuant to the stipulation, for the sum of $105, with interest from January 13, 1860, together with costs.

Order granting new trial reversed, and judgment of Special Term affirmed.