## STATE v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY CO.

1. When the defendant is sued by a name indicating that it is not a natural person, but a company of some kind, the complaint must state that it is a corporation, or state facts showing that it is an artificial being, capable of being sued.

2. Section 2908, Comp. Laws, which provides that, "in all civil actions brought by or against a corporation, it shall not be necessary to prove on the trial of the cause the existence of such corporation, unless the defendant shall in his answer expressly aver that the plaintiff or defendant is not a corporation," does not relieve the plaintiff from the necessity of alleging in his complaint that the defendant is a corporation.

3. The failure to allege in the complaint that the defendant is a corporation may be taken advantage of on demurrer, under subdivision 6, § 4909, Comp. Laws, stating as ground of demurrer "that the complaint does not state facts sufficient to constitute a cause of action."

(Syllabus by the court. Opinion filed Nov. 1, 1893.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Action by the state of South Dakota against the Chicago, Milwaukee and St. Paul Railroad Company to restrain a nuisance. There was judgment sustaining a demurrer to the complaint, and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Robert Dollard, Attorney General,* for appellant.

It was error for the lower court to hold upon demurrer that the complaint was fatally defective in not alleging that the defendant was a corporation. Fulton Fire Ins. Co. v. Baldwin, 37 N. Y. 651; Phenix Bank of N. Y. City v. Donnell, 40 N. Y. 410. This question must be raised by answer. Stanly v. Railroad Co., 89 N. C. 331; Harris v. Muskingam Mfg. Co., 4 Blackf. 267; Canandugua Acad. v. Mechine, 19 Hun, 62, 90 N. Y. 618; Union Cement Co. v. Noble, 15 Fed. 502; Ryan v. Farmers Bank, 5 Kan. 658.

*Winsor & Kittredge*, for respondent.

When a corporation is sued there must be an averment in the complaint of the fact of incorporation. People v. Railroad Co., 83 Cal. 393; Bliss on Code Pleading, 2nd Ed., § 260; Loup v. Railroad Co., 63 Cal. 97.

CORSON, J. This was an action by the state to enjoin the defendant from continuing an alleged nuisance. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the same was sustained by the court. From the order sustaining the demurrer the plaintiff appeals. The defendant specifies as the particular ground of objection in the brief filed in this court that there is no allegation in the complaint that the defendant is a corporation. The only indication of the character in which the defendant is sued is in the title. The learned counsel for the respondent contend that the defendant is sued by a name indicating that it is not a natural person, but a company of some kind, and that no facts are stated to show that it is an artificial being, capable of being sued.

It is true that by Section 2908, Comp. Laws, it is provided that, ''in all civil actions brought by or against a corporation, it shall not be necessary to prove on the trial of the cause, the existence of such corporation, unless the defendant shall, in the answer, expressly aver that the plaintiff or defendant is not a corporation.'' But an allegation that the defendant is a cor-

poration is, we think, still necessary, and the language of the section presupposes that the defendant is sued as a corporation. In what manner can a court be advised that the defendant is sued as a corporation, unless it is so alleged in the complaint? In the recent case of People v. Cent. Pac. R. Co., 83 Cal. 393, 23 Pac. Rep. 303, (decided in 1890) the supreme court of that state, in passing upon this question, says: "The defendant is sued by a name indicating that it is not a natural person, but a company of some kind; but there is no averment of the fact of incorporation, or of any fact to show that it is an artificial being, capable of being sued. Nor, if incorporated, is there any averment to show where, or under what law, so that the court may determine where the jurisdiction of its person lies. An averment of defendant's corporate existence is necessary in every count of a complaint against a corporation. Loup v. Railroad Co., 63 Cal 69." Mechanics' Banking Association v. Spring Valley Shot and Lead Co., 13 How. Pr. 227. Judge Bliss, in his work on Code Pleading, (Section 258) says: "But a corporation is an artificial personality, not presumed to exist, even; and the phrase may stand for such personality, or for a joint stock company, or for a partnership, or for a private person, or for nothing at all. The allegation, then, that the plaintiff is a corporation, even if permitted to be made in general terms, would seem to be essential to show its right to bring the suit." And in Section 260 he says: "In regard to actions against corporations, the same general rule should prevail." We are of the opinion that the rule laid down by Judge Bliss and the supreme court of California is the safer and better rule, though there are courts holding a contrary rule. In the case of Express Co. v. Harris, 21 N. E. Rep. 340, decided by the supreme court of Indiana in 1889, that court says: "The name of the defendant (Adams Express Company) imports that it is a corporation, and it was therefore not necessary to specifically aver that it was a corporation." But, with great respect for that court, we cannot agree with its conclusions. As was said

in the California case, the name indicates "that it is not a natural person, but a company of some kind," but whether a corporation, or an unincorporated association, does not appear. We are not aware of any principle of law that will authorize a court to presume that it is a corporation, any more than it would presume that it was an unincorporated association. A similar view as to the necessity of alleging in the complaint that the defendant is a corporation was taken by the supreme court of North Carolina in Stanley v. Railroad Co., 89 N. C. 331.

The learned attorney general further contends that the defect, if it exists, cannot be reached by a demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. But we are of the opinion that, under the provisions of our code, the objection can only be made under such a demurrer. It cannot be raised under any of the other grounds of demurrer specified in Section 4909, Comp. Laws. The attorney general cites in support of his contention Insurance Co. v. Baldwin, 37 N. Y. 651, and Bank v. Donnell, 40 N. Y. 410. These were both cases in which the alleged corporation was the plaintiff. In the latter case two of the judges dissented. Judge BLISS, in commenting on these decisions, in a note to Section 258, says: "If evidence of incorporation is necessary, it is a part of the plaintiff's case. He is only bound to prove the facts constituting his cause of action; and, if any such fact is omitted in the pleading, it should be demurrable for that reason." While under Section 2908, Comp. Laws, the party is relieved from proving the fact of incorporation unless it is expressly averred that the plaintiff or defendant is not a corporation, the rule as to pleading the incorporation is not changed, and the omission of this allegation renders the complaint subject to demurrer. We are of the opinion, therefore, that the learned circuit court properly sustained the demurrer of the defendant, and the order sustaining the demurrer is therefore affirmed. All the judges concur.