(36 Misc. Rep. 110.)

### BREIN v. LIGHT.

(City Court of New ·York, General Term. October, 1901.)

RECEIVERS—RECOVERY OF ASSETS.

　　Where a receiver claims certain property as belonging to the judgment debtor in supplementary proceedings, but in possession of a person not a party thereto, he can recover it only in an action therefor.

Appeal from special term.

Action by Charles Brein against Max Light. Judgment for plaintiff. Mark Jacobs was appointed receiver. From an order requiring him to repay Abraham Eisenbud within five days of service of the order $158, which he had received from Eisenbud, the receiver appeals. Affirmed.

Argued before CONLAN, McCARTHY, and SCHUCHMAN, JJ.

Leon Sanders (J. Brownson Ker, of counsel), for appellant.
Louis Levy, for respondent.

McCARTHY, J. This is an appeal by Mark Jacobs, as receiver, from an order granting a motion made by Eisenbud, the respondent herein, compelling Mark Jacobs, as receiver in supplementary proceedings, to pay back to him the sum of $158, which was claimed by said Eisenbud to have been forced from him by said Jacobs by threats and duress, as appears by the affidavits herein; said Eisenbud also claiming to be the owner of the property which the receiver so attempted to take possession of. Johnson, C. J., in Rodman v. Henry, 17 N. Y. 482, says:

　　"Upon proceedings supplementary to execution * * * the judge has power to order any property of the judgment debtor in the hands of him-

self or any other person to be applied towards the satisfaction of the judg-
ment. But, if it appear that a person alleged to have property of the judg-
ment debtor claims an interest in the property adverse to him, such interest
is only recoverable in an action against such person by the receiver. It is
not enough, therefore, that property is found in the hands of the judgment
debtor. It must also appear to be his property."

These sections preclude the idea that a third person who claims
the property as his own is to be placed by virtue of these proceed-
ings in a position where his rights can only be asserted in a suit
in which he is the plaintiff. The obvious purpose of the series of
provisions is to give the creditor an immediate and summary rem-
edy against the debtor's property, but not to permit the rights of
third persons to be brought in litigation except in a regular way by
suit. If Eisenbud made no claim to the property in question, then
an order for the delivery of the property by the defendant to the
plaintiff would have been a matter of course; but, if Eisenbud
claimed the property, the only way the matter could be settled
would have been by the receiver's bringing action against him.
The case of Gomprecht v. Scott, 27 Misc. Rep. 192, 57 N. Y. Supp.
799, does not apply, inasmuch as in that case Minna Scott, who
claimed to own the property, conferred jurisdiction on the court
to determine her right and interest, as held by Leventritt, J., in
proceedings like the one at bar. In the case at bar the third party,
Eisenbud, did not consent to a determination of his rights, nor did
he appear to be heard in regard to the same. Therefore he was
a stranger to the proceeding herein, and his interest or rights
could not be determined, unless by an action brought by the re-
ceiver against him. Where a third party claims the property al-
leged to belong to a judgment debtor, such property, of whatever
kind, can only be recovered in an action by the receiver. Sherwood
v. Railroad Co., 12 How. Prac. 136; Robinson v. Wood (Sup.) 15
N. Y. Supp. 169.

For these reasons this order must be and is affirmed, with costs
and disbursements.

Order affirmed, with costs and disbursements. All concur.