Central National Bank agt. Richland National Bank of Mansfield.

# SUPREME COURT.

## The Central National Bank agt. The Richland National Bank of Mansfield.

*Attachments against national banks or their property.*

An attachment cannot be issued against a national bank or its property before final judgment in *any suit*, action or proceeding in *any state*, county or municipal court.

The issuing of an attachment against these institutions or their property is strictly prohibited by congress, and it is only where jurisdiction cannot be acquired without resort to attachment that the power of congress to inhibit, or rather to postpone, the use until final judgment of such provisional remedy, seems to be at all questionable.

This prohibition does not in any manner interfere with the general *jurisdiction* of the state courts over national banks. It does not take away the jurisdiction over such foreign corporations having property within this state. That jurisdiction is not acquired by virtue of the provisions of the Code of Procedure relating to this particular provisional remedy; the jurisdiction is acquired by the service of the summons, and that is effected under the provisions of section 134 of the Code; or where personal service cannot be had upon an officer, then it may be had by publication under the provisions of section 135.

*Special Term, November,* 1876.

Both the plaintiff and the defendant are corporations deriving their existence and attributes from the acts of congress known as the national bank acts.

This is a motion to vacate an attachment granted in violation of section 5242 of the Revised Statutes of the United States recently enacted. The provision is as follows: "No attachment, injunction, or execution shall be issued against

Central National Bank agt. Richland National Bank of Mansfield.

such association or its property before final judgment in any suit, action or proceeding in any state, county or municipal court."

The plaintiff, itself a national bank, in violation of this provision, on August 29, 1876, sued out a warrant of attachment against the defendant, a national bank located at Mansfield, Ohio, and has attached defendant's balance in the Fourth National Bank of this city by serving the usual notice, &c. No judgment has yet been entered in this action.

*C. A. Davison*, for plaintiff.

*B. F. Lee*, for defendant.

BARRETT, *J.* — An attachment is not always essential to the acquisition of jurisdiction in a suit against a foreign corporation. Such jurisdiction is acquired in several ways. 1. In all cases by the personal service of the summons, within this state, upon its president, secretary or treasurer. 2. If the cause of action arose in this state, by such service upon (in addition to the three officers named) any other of the corporation, its cashier, or a director, or managing agent thereof; 3. By such service upon any one of such persons when the corporation has property within this state; 4. By the publication of the summons in either one of two cases — (*a*) when the cause of action has arisen in this state; (*b*) when the corporation has property within this state (*Code, secs.* 134, 135).

These provisions are apparently decisive of this motion, because it is only where jurisdiction cannot be acquired without resort to an attachment that the power of congress to inhibit, or rather to postpone, the use until final judgment of such a provisional remedy seems to be at all questionable.

The court of appeals did not deny this power in *Cooke* agt. *The State National Bank of Boston* (52 *N. Y.*, 96). It merely decided that it is not competent for congress to deprive the state courts of jurisdiction in all actions against national

banks, nor to restrict such jurisdiction to the federal courts. The supreme court of the United States, however, in *The Farmers and Mechanics' Bank of Buffalo* agt. *Dearing* (*MS.*) asserted a power in congress wide enough to deprive us of all jurisdiction over such corporations. "The states can exercise no control over them," says Mr. justice SWAYNE, "nor in any wise affect their operation, except in so far as congress may see proper to permit." ° Be that as it may, the decisions are unanimous as to the power to relieve national banks from the garnishee process (101 *Mass.*, 240 ; 40 *Md.*, 269 ; 11 *Blatch.*, 102). "The power to create," as was said in *The Farmers and M. N. Bank of Buffalo* agt. *Dearing* (*ubi sup.*), "carries with it the power to preserve;" and if congress is of the opinion that the usefulness of these institutions is likely to be impaired by the tying up of their funds in distant states, pending a litigation, protection therefrom is a reasonable exercise of such power to preserve.

This was conceded in *Southwick* agt. *The National Bank of Memphis* (7 *Hun*, 96). The question in that case was whether the power had been exercised by section 57 of the act of 1864, as amended by section 2 of chapter 269 of the laws of congress of 1873 ; and it was held, owing to the peculiar and somewhat obscure phraseology of the act, that the intention was merely to inhibit attachments against such corporations when located within our own jurisdiction. All question as to the intention of congress, however, was set at rest by the Revised Statutes of 1874, sections 5242, 5198, as corrected in the appendix. As if to meet the construction thus placed upon the words "such action or proceedings" in the connection in which they are found in the amendment of 1873, the prohibitory clause is removed from its old connection and transferred to section 5242, in which no particular class of suits is previously designated. Then the word "such" is omitted, and now the provision reads as follows: "No attachment, injunction or execution shall be issued against any such association or its property before final judgment in

Central National Bank agt. Richland National Bank of Mansfield.

any suit, action or proceeding in any state, county or munici-
pal court."

This clearly meets the suggestion of the presiding justice
in the *Southwick Case,* that the prohibition "is not extended
to any suit, action or proceeding, but to any such suit, action
or proceeding."

It is peculiarly fitting that the plaintiff, itself a national
bank, should submit, in matters of detail intended for the
common benefit of such institutions, to the will of the law-
making power under which it was created and is operated.

There is nothing in rule 34 which can affect the result.
Formerly that rule required proof, where the summons had
been served by publication, of the issuing of an attach-
ment, &c.

It may be a question whether this did not require more in
actions against foreign corporations than did sections 134 and
135 of the Code above cited, and whether in such cases, and
to that extent, the rule was not in conflict with such actions.

But, at all events, the rule has been amended, and, as it
now reads, such proof is only required "if the case be one in
which an attachment may be issued." This, as we have seen,
is not such a case.

The motion to vacate the attachment must, therefore, be
granted, with ten dollars costs.