# SUPREME COURT.

## THE PEOPLE'S BANK OF THE CITY OF NEW YORK agt. THE MECHANICS' NATIONAL BANK OF NEWARK.

*National banks — jurisdiction of state court in actions against — Attachments against national banks of a foreign state — who may move to vacate — Code of Civil Procedure, section 682.*

A receiver of a foreign national bank, though not a party to the action, has such a *status*, under section 682 of the Code of Civil Procedure, as will authorize him to move to set aside attachment proceedings.

There is nothing in the section which requires the applicant to become a party to the action. It is the practice to allow such motions to be made

without imposing upon the applicant the condition that he shall ask to be made a party to the action in which the attachment was issued.

Although the supreme court of this state has jurisdiction over an action *ex contractu* brought by a citizen of the state against a national bank located in another state, an attachment which has been issued in such action against its property in this state will be vacated upon positive proofs of its insolvency.

*Special Term, January,* 1882.

*Gray & Davenport,* for plaintiff.

*Martin & Smith,* for defendants.

LAWRENCE, *J.* — It was held by the court of appeals, in the case of *Robinson* agt. *The National Bank of Newberne* (81 *N. Y.,* 385; *S. C.,* 59 *How.,* 218), that the supreme court of this state has jurisdiction of an action *ex contractu,* brought' by a citizen of this state against a national bank located in another state, and that the provisions of the national banking act (*U. S. R. S.,* sec. 5242), prohibiting the issuing of an attachment, injunction or execution against such an association, or its property before final judgment, applies only to an association which has become insolvent, or to one about to become so, as specified in the preceding part of the section. In that case the cases of the *Central National Bank* agt. *The Richland National Bank* (52 *How. Pr.,* 136 *and* 137) and of *Rhoner* agt. *The First National Bank* (14 *Hun,* 126) were cited upon the brief of the appellant's counsel, and must have been considered by the court, and in so far as those cases lay down a doctrine which differs from that enunciated in *Robinson* agt. *The National Bank of Newbern* they must yield to the latter case. In this case it is sought to sustain the jurisdiction of the court and to bring the case within the doctrine of *Robinson* agt. *The National Bank of Newberne (supra),* by denying the insolvency of the defendant, and it is claimed that the question should be disposed of by a reference. I regard it as a sufficient answer to this point to

say that the affidavits submitted on the part of plaintiffs do not meet or overcome, in my judgment, the very positive proofs of the insolvency of the defendant, which are presented on behalf of the receiver, and therefore a reference is unnecessary. It is further urged that as the receiver appears only ·specially for the purposes of this motion, and has not submitted himself generally to the jurisdiction of the court, his application ought not to be entertained. But this position cannot be maintained. Under the old Code it was held that a subsequent attaching creditor could not move to set aside a prior attachment (*See sec.* 241 *of the Code of Procedure; Ketchum* agt. *Ketchum,* 1 *Abbott* [*N. S.*], 157). But under section 682 of the Code of Civil Procedure, "the defendant or a person who has acquired a lien upon or interest in his property after it was attached, may, at any time before the actual application of the attached property or the proceeds thereof to the payment of a judgment recovered in the action, apply to vacate or modify the warrant, or to increase the security given by the plaintiff, or for one or more of those forms of relief together or in the alternative." The receiver of the defendant in this case certainly brings himself within the language of this section. He has acquired " a lien upon or interest in the defendant's property" since the attachment was issued. There is nothing in the section which requires the applicant to become a party to the action. And it is everyday practice to allow such motions to be made without imposing upon the applicant the condition that he shall ask to be made a party to the action in which the attachment was granted. Furthermore, it is quite apparent that this section was intended to put subsequent creditors or parties subsequently acquiring a lien upon or interest in the defendant's property upon the same footing as that occupied by the defendant under the old Code (*See Mr. Throop's note to sec.* 682 *of the Code of Civil Procedure*). And under the old Code, it was held that the defendant was entitled to make a motion to set aside the attachment without putting in a general appearance in the

action (*Manice* agt. *Gould*, 1 *Abbott's Pr.* [*N. S.*], 255). The cases of *Tracy* agt. *The First National Bank of Selma* (37 *N. Y.*, 524) and *Allen* agt. *The Scandinavian National Bank* (46 *How. Pr.*, 71) were decided prior to the passage of the Code of Civil Procedure, and therefore have no bearing on this case. I am therefore of the opinion that the motion to vacate the attachment should be granted, but under the circumstances, without costs.

NOTE. — In *Chapman* agt. *Same; The National Shoe and Leather Bank* agt. *Same; Hillman* agt. *Same; Clark* agt. *Same; West Side Bank* agt. *Same; Corn Exchange Bank* agt. *Same,* the motion to vacate attachment was granted, without costs, for the reasons stated in the above opinion. [ED.