### Stearns vs. Raymond and another.

*Replevin.*

Where logs, unlawfully cut upon the land of another, are intentionally intermixed by the trespasser with logs of his own, so that the former cannot be distinguished from the latter, the owner of the former may replevy the amount of logs belonging to him from the common mass.

APPEAL from the Circuit Court for *Winnebago* County.

Action to recover possession of certain pine logs. Verdict for plaintiff; motion for new trial overruled, and judgment on the verdict; from which the defendants appealed.

*Freeman & Hancock,* for appellants.

*Felker & Weisbrod,* for respondent.

Cole, J. The questions arising upon this appeal are mainly questions of fact. The cause was submitted to the jury upon a charge entirely satisfactory to both parties. The jury, upon the evidence, found that the plaintiff was the owner, and entitled to the possession, of two hundred and one thousand five hundred and thirteen feet of the logs described in the complaint. It is claimed that this finding is unsupported by the evidence. We do not think so. At least four witnesses testify that they examined the forty acre tract belonging to the plaintiff, and counted

Stearns vs. Raymond and another.

the number of trees which were cut and removed from it. They agree that the number was over two hundred and sixty. And there certainly was testimony from which the jury was authorized in finding that these trees would scale the number of feet stated in the verdict. The witnesses likewise testified that they could readily distinguish stumps from which trees had been cut in the winter of 1867–8, from stumps cut the winter before. It is true that the defendant *Raymond* testified that he directed that the logs be so marked that one might easily distinguish those taken from the plaintiff's forty acre tract; but he did not say that he marked them himself. He directed his men particularly how to mark the logs taken from the different tracts. But whether his men followed his instructions, and put this particular mark upon all the logs taken from the plaintiff's forty, was a proper question of fact to go to the jury. And upon that question the jury found, as they well might from the evidence, against the defendants. In reaching that conclusion, they inevitably found that the intermixture of the logs taken from the plaintiff's land with those taken from other land was intentional. And if different marks were intentionally put on the logs, so as to render it impossible for the plaintiff to identify his own property by these marks, or in any other way, then clearly he had the right to replevy the logs so intermixed from the whole amount claimed by the defendants. This principle of law is not seriously controverted by the counsel for the defendants. But he insisted that there was no evidence from which the jury were warranted in finding a wrongful mixture or confusion of goods, so as to make this principle applicable. Upon that point, we think, he is clearly mistaken in his view of the testimony.

*By the Court.*—The judgment of the circuit court is affirmed.