68   619
76   284

Arpin, Appellant, vs. Burch, Respondent.
Arpin, Respondent, vs. Burch, Appellant.

*March 24 — April 12, 1887.*

*(1) Logs and timber: Cutting by mistake: Confusion: Retaking by owner. (2) Conversion: Interest. (3) Limitation of actions: Laches. (4) Parties: Assignment of cause of action.*

1. If, after discovering that by mistake he has cut logs upon the land of another, a party mingles such logs with his own and floats them down the river, the owner may retake his logs, or such a quantity out of the mass as will replace his loss, in whatever place or condition they may be at the time of such retaking; and where such owner has peaceably retaken his logs he is not liable to pay to the trespasser the difference between the value of the stumpage and the value of the logs at the time of such retaking.
2. Upon recovery by the plaintiff in an action for the conversion of chattels, interest on their value should be allowed from the time they were taken.
3. A delay for more than six years in bringing a suit for the conversion of logs does not operate as a bar if the defendant was in the meantime a nonresident of the state.
4. If one of the joint owners of chattels verbally tells the other owner that if he will bring an action for the conversion thereof he may have the benefit of it, that is a sufficient assignment of the cause of action to authorize the latter to sue alone.

APPEALS from the Circuit Court for *Juneau* County.

This action was commenced in 1882 to recover damages for the wrongful conversion in 1868 and 1869 of pine logs

belonging to the plaintiff. The facts are stated in the opinion.

For the plaintiff there was a brief by *Cate, Jones & Sanborn*, and oral argument by *Mr. Jones*. They contended, *inter alia*, that the defendant could not, by taking forcible possession of the logs innocently cut upon his land by the plaintiff, deprive the latter of the enhanced value created by his labor. The defendant was entitled only to the value of the stumpage. *Single v. Schneider*, 30 Wis. 570; *Wetherbee v. Green*, 22 Mich. 311.

*G. C. Prentiss* and *F. Winsor*, for the defendant, argued, among other things, that in a tort action, if the plaintiff has been guilty of laches in the prosecution of his claim, interest should be withheld. *Redfield v. Ystalyfera Iron Co.* 110 U. S. 174; *Bann v. Dalzell*, 3 Carr. & P. 376; *Newell v. Keith's Ex'rs*, 11 Vt. 214; *Adams Exp. Co. v. Milton*, 11 Bush, 49. And where there is a *bona fide* dispute as to the right to recover, and also as to the amount recoverable, interest should be allowed only from the date of the verdict. *Marsh v. Fraser*, 37 Wis. 150; *Shipman v. State*, 44 id. 458.

ORTON, J. In this case there are cross-appeals, both parties being dissatisfied with the judgment. The facts are substantially and briefly as follows: In 1868 the plaintiff had afloat in Yellow river a large number of pine logs, intended to be manufactured into lumber near the mouth of said river, and the defendant diverted a large portion of them into the boom belonging to the firm of which he was a member, near the town of Necedah, and converted the same to his own use or to the use of said firm; and it is alleged in the complaint, as another and separate cause of action against the defendant, that in 1869 the defendant obtained possession and converted in a similar way ninety-nine other logs of the plaintiff. A part of the logs so di-

verted and converted in 1868 was cut, by a mistake of lines and boundaries, by the plaintiff, upon the lands of the defendant or of his firm. No question is made in respect to the individual ownership or conversion of said logs by the defendant, *Burch,* or to his individual liability. It was a disputed question of fact as to the number of the logs so diverted in 1868 that were cut on the lands of the defendant, and as to the number which belonged to the plaintiff, and as to the whole number so diverted, upon which there was considerable conflict of evidence. On the question as to whether the defendant diverted any of the ninety-nine logs of the plaintiff in 1869 there was also a conflict of evidence.

The referee who tried the case, and the circuit court in acting upon his report, agree that, of the logs so diverted in 1868, 81,250 feet were cut on the land of the defendant and belonged to him, and that the remainder so diverted in that year by the defendant, amounting to 52,539 feet, belonged to the plaintiff, and that the value of said logs at Necedah was $4.75 per thousand feet. Both parties are dissatisfied as to these respective amounts of the logs. We have carefully examined the evidence, and do not think that there is any clear preponderance of the evidence against these findings. It would be profitless to more specially notice the evidence, or to discuss its bearing and effect. The presumption of the correctness of these findings, from the fact that the referee is an able and a careful lawyer and heard the testimony, and that they were confirmed by so able a court, is in itself very strong.

The referee found that the defendant so diverted and converted the said ninety-nine logs in 1869. This finding was reversed by the circuit court. We do not think that the evidence that the defendant took possession of said logs, or that they were not a part of the logs taken the year before, if he did take them, was so strong and conclusive as

to justify this court in reversing the ruling of the circuit court on these questions. It is impossible to reconcile the evidence as to these ninety-nine logs, and the plaintiff was bound to make a reasonably clear case as to them, and it is evident that he has not done so.

The other questions raised in the case for the decision of this court are:

I. On the part of the plaintiff as appellant, whether he should not have recovered, as part of his damages, the difference between $4.75 per thousand feet for the 81,250 feet of logs at Necedah, and $1.25 per thousand feet for the stumpage of the same when cut, and interest thereon, which values were so found, on the ground that they were so cut by mistake and such amount only is allowed the defendant by the statute, and that he obtained the value of the plaintiff's labor in the cutting, hauling, and driving of the same, which he was not entitled to have. There are two facts which seem to be very clear: (1) That this cutting on the defendant's land was done by mistake; and (2) that the defendant obtained *peaceable* possession of the logs. It may be properly said from the evidence, also, that the plaintiff knew, soon after the cutting was done, that he had trespassed on the defendant's land, and knew, or ought to have known, and had the best means of knowing, the logs that were so cut on the defendant's land. He should have at once tendered reparation for the same, instead of placing his mark upon the logs as his own, and mingling and confusing the same, beyond the possibility of identification and separation, with his own logs, in floating the whole mass together down the river. The defendant had the right to stop and take possession of them, or such an average number of them as would replace those he had lost. *Jenkins v. Steanka,* 19 Wis. 126; *Mowry v. White,* 21 Wis. 417; *Root v. Bonnema,* 22 Wis. 539; *Stearns v. Raymond,* 26 Wis. 74; *Single v. Barnard,* 29 Wis. 463; *Willard v. Rice,* 45 Am.

Dec. 226, and note. After the logs had been cut by mistake on the land of the defendant, and the plaintiff had found out the mistake, he should have kept them separate, and should not have confused them by marks and floating them in the main river with his own logs. *This* was *wilful,*. at least. It is true that there had been some talk between the parties about a settlement for this trespass, but nothing came out of it, and the plaintiff persisted in running off the logs. There can be no question but that the defendant had the right to retake his logs in the way he did. Having thus repossessed himself of his own property, he was entitled to them as they were. This is elementary. Had he brought an action to recover their value, his action would be governed by the statutory rule of damages. But this case, in respect to the logs found to have been the property of the defendant, is not within the statute, and must be governed by the common-law rule, re-enacted by sec. 4269, R. S., that gives him his property " in whatever place, shape, or condition, manufactured or unmanufactured, the same shall have been at the time " of its recapture.

II. On the part of the defendant as appellant, the first question is as to the right of the plaintiff alone to bring the action. His brother Antoine was equally interested with the plaintiff in the logs. But it was in evidence that he told the plaintiff if he would bring the action he might have the benefit of it, or that he might prosecute the action for his own benefit. We think this was sufficient to transfer his interest in the claim.

*Second.* The delay in bringing the suit is urged as being tantamount to the bar of the statute of limitations. The defendant became a nonresident of this state in 1869. This was a sufficient excuse for the delay.

*Third.* Was interest upon the value of the plaintiff's property properly computed from the time it was taken? We can see nothing in this case that should take it out of

the general rule that interest should be allowed the plaintiff on the value of his property from the time it was wrong-fully taken by the defendant, as laid down in *Bonesteel v. Orvis,* 22 Wis. 523.

*By the Court.*— The judgment of the circuit court is affirmed.