## CITIZENS' BANK V. CORKINGS (MOHR, Intervener.)

1. A non-resident corporation, which was not entitled to sue in South Dakota on a claim, not having filed its articles and appointed a resident agent (Laws 1895, Chap 47), transferred the claim by assignment absolute on its face, but with the understanding that the assignee should collect it, and pay the net proceeds to the corporation; no consideration being paid. *Held*, that the assignee was not only the "real party in interest," but was entitled to sue in his own name, under Comp. Laws, Secs. 4870, 4872, as trustee of an express trust.

2. Comp. Laws, Sec. 5011, providing that "in all cases" defendant or a subsequent lienor may move to discharge an attachment, authorizes a motion by a subsequent lienor for insufficiency or fatal irregularity of the affidavit on which the attachment was granted.

3. Where intervener in attachment moves to discharge the attachment on papers showing that he is a subsequent lienor, the court may entertain the motion as made in that capacity (Comp. Laws, § 5011), irrespective of the right to move as an intervener.

4. An attachment issued on a summons and affidavit naming plaintiff in the title as "The Citizens' Bank," without showing its corporate or other capacity to sue, is a nullity.

(Opinion filed April 16, 1897.)

Appeal from circuit court, Sanborn county. Hon. FRANK B. SMITH, Judge.

Attachment. From an order granting intervener's motion to discharge the attachment, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*N. B. Reed* and *T. H. Null*, for appellant.

*S. A. Ramsey* and *H. C. Preston*, for respondent.

FULLER, J. Upon the motion of Oscar Mohr, an intervener in this action, and creditor subsequently attaching, the court made and entered an order dissolving a prior attachment levied by plaintiff, the Citizens' Bank, upon the property of the defendant, Corkings, and from said order vacating its attachment plaintiff appeals.

The property over which this contention arises was seized by appellant on the 9th day of December, 1895, and by respond-

ent, who levied, subject thereto, just one week thereafter. Without a specific recital of facts, we shall regardfully consider, so far as essential to a determination of this appeal, a certain other attachment proceeding instituted by appellant to subject the property in suit to the payment of its claim; also an action commenced against the defendant by respondent's assignor, which was dismissed prior to the assignment, but nevertheless considered by the trial court as an evidential circumstance at the hearing of the motion to vacate the attachments herein which resulted in the order appealed from as a final determination of the entire matter. Respondent's assignor, the Mohr-Holstein Commission Company, being a nonresident corporation, and not having complied with Chap. 47 of the Laws of 1895, at the time of the assignment, prohibiting such a corporation from transacting business, acquiring property, instituting or maintaining any action in this state unless it has first filed with the secretary of state a copy of its articles and appointed a resident agent, etc., it is contended by counsel for appellant that respondent, who, prior to the commencement of his action, took a formal written assignment absolute in terms, but with the understanding that he would take the claim, collect what he could, and turn over to the company the proceeds thereof less the expenses of collection, is not the real party in interest, and that he obtained the assignment for the sole purpose of avoiding the force and effect of the law of this state. Respondent's counsel contend that, as the indebtedness arose and was made payable in the state of Wisconsin, the case does not come within the prohibition, and confidently maintain that, in any event, the assignment is sufficient to constitute respondent a real party in interest. As the record stands, we are not called upon to determine whether a non-resident corporation may come into this state and transact business in violation of the statute, and subsequently evade the operation thereof by the assignment for collection of a cause of action arising therefrom.

By the assignment in this case the corporation devested it-
self of every legal attribute of a party plaintiff, and invested
respondent with a complete legal title to the property trans-
ferred, together with the exclusive right to collect and receive
the entire proceeds thereof by suit or otherwise; and the fact
that the consideration was made to depend upon the collection
as a contingency is a matter between the immediate parties,
and one with which strangers have not the slighest concern.
Respondent is, in contemplation of the statute, not only the
real party in interest, but, in a certain sense, the trustee of an
express trust, and the only person in whose name the action
could be presecuted under Section 4870 or 4872 of the Compiled
Laws.    Hudson v. Archer, 4 S. D. 128, 55 N. W. 1099; Cum-
mings v. Morris, 25 N. Y. 625; Wetmore v. Hegeman, 88 N. Y.
69; Toby v. Railway Co. (Cal.) 33 Pac. 553; Arpin v. Burch, 68
Wis. 619, 32 N. W. 681.    The debtor being fully protected, the
rule is that a written or verbal assignment, absolute in terms,
and vesting in the assignee the apparent legal title to a chose
in action, is unaffected by a collateral contemporaneous agree-
ment respecting the proceeds, even though the entire consider-
ation for the assignment is made to depend upon the contin-
gency of collection, and the assignee must sue in his own name
as the real party in interest.    Manufacturing Co. v. Heipler
(Minn.) 52 N. W. 33; Allen v. Brown, 44 N. Y. 228; Pom. Rem.
& Rem. Rights, 132, and cases therein collated.

By Section 5011, Comp. Laws, which provides that ''in all
cases the defendant or any person who has acquired a lien upon
or interest in the defendant's property after it was attached
may move to discharge the attachment,'' the legislature evi-
dently intended to put subsequently attaching creditors or in-
terested persons upon identically the same footing as the de-
fendant, and authorize the application to be based upon the
ground of fatal irregularities in, or the insufficiency of, the
affidavit upon which the prior attachment issued.    William
Deering & Co. v. Warren, 1 S. D. 35, 44 N. W. 1068.    Mani·

festly respondent, who has acquired an attachment lien upon the property of the defendant since its seizure by appellant, has all the rights of the defendant to apply for a dissolution upon jurisdictional grounds, notwithstanding the fact of his being made a party to the action by the way of intervention. People's Bank v. Mechanics' Nat. Bank, 62 How. Prac. 422; Jacobs v. Hogan, 85 N. Y. 243. Respondent's attachment proceeding clearly appears from his moving papers and verified complaint in intervention, which is expressly made a part of the affidavit submitted to the court in support of the motion to discharge appellant's attachment, and in which it is alleged, in effect, that the summons in the case and the affidavit upon which said prior attachment issued are wholly insufficient to confer upon the court any jurisdiction of the subject-matter or person of the defendant. As the motion to discharge appellant's attachment was made by respondent, a person who had acquired by attachment a subsequent lien upon the defendant's property, and the record discloses that vitally essential fact beyond all question, the court was fully justified in considering the application to vacate as made in that capacity, independently of the statutory right of intervention.

Appellant's summons and affidavit for an attachment are respectively entitled "The Citizens' Bank, Plaintiff, vs. George W. Corkings, Defendant," and there is nothing in either tending to indicate the character of the Citizens' Bank other than that it is not a natural person, and its legal capacity to sue is in no manner made to appear. The affidavit for an attachment must show the existence of an action and specify the amount of the claim, and grounds thereof. Comp. Laws, § 4995. Unless it affirmatively appears from the affidavit for an attachment that there is an action pending between persons capable of becoming parties to an action, the court is without jurisdiction to issue an attachment, and must, upon proper application, discharge the same. No litigation can exist, and no facts sufficient to constitute a cause of action can be stated, in

favor of or against the Citizens' Bank, in the absence of the jurisdictional showing that it is a natural person, or an artificial being capable of suing and being sued.     State v. Chicago, M. & St. P. Ry. Co., 4 S. D. 261, 56 N. W. 894; William Deering & Co. v. Warren, *supra*; Barbour v. Albany Lodge, No. 24, 73 Ga. 474; Sims v. Jacobson, 51 Ala. 186; Proprietors of the Mexican Mill Co. v. Yellow Jacket S. M. Co., 4 Nev. 40. There being no party plaintiff, it follows that there was no summons issued, no action pending, and, consequently, no attachment existing in favor of the Citizens' Bank, and it was the duty of the court, charged with a knowledge of its own jurisdiction, upon a cursory .inspection of the record to declare the entire proceeding a mere nullity.     The order appealed from is affirmed.

HANEY, J., taking no part in this decision.