CITIZENS' BANK v. CORKINGS (MOHR, Intervener).

Under Comp. Laws, §§ 4993, 4995, providing what an affidavit to an attach-
ment shall contain, and §§ 4893, 4894, prescribing what shall be inserted

in the summons, the failure of plaintiff to show in its summons or affidavit that it was a corporation, constituted no ground for a discharge of the attachment, as it is not required to be so stated; and where it appears that it was shown not only by the allegations in plaintiff's complaint but by a duly-certified copy of plaintiff's articles of incorporation that plaintiff was a corporation, there was a legal and proper plaintiff in fact at the time the summons and warrant were issued, and the attachment was valid. FULLER, J., dissenting.

(Opinion filed July 14, 1897.)

On rehearing.

Attachment. Plaintiff bank appealed from an order, made on motion of intervener, vacating its attachment. In an opinion reported in 9 S. D. 614, 70 N. W. 1059, the order was affirmed. In this opinion upon the rehearing, the former decision of this court is reversed, the order of the circuit court reversed and the trial court directed to enter an order sustaining the attachment.

*N. B. Reed* and *T. H. Null*, for appellant.
*S. A. Ramsey* and *H. C. Preston*, for respondent.

CORSON, P. J.  This case was decided at the present term and is reported in 9 S. D. 614, 70 N. W. 1059. A rehearing was granted, and the case has been reargued by counsel orally and upon printed briefs. The court, upon a review of the case, and a re-examination of the record, is satisfied that it erred in its last proposition stated in the opinion, in which it held there was no party plaintiff, no summons issued, and no action pending at the time the warrant of attachment was issued. The error of the court below (and this court seems to have fallen into the same error) was in holding that the fact that the plaintiff was a corporation must be made to affirmatively appear at the time the warrant of attachment was issued. In this both the circuit court and this court proceeded upon an incorrect theory, overlooked some of the provisions of the statute, and did not give sufficient weight to the evidence disclosed by the record in this case. It will be noticed that by Sec. 4993, Comp. Laws, as amended by Chap. 67, Laws, 1895, it is pro-

vided that "the plaintiff at the time of issuing the summons or at any time afterwards may have the property of such defendant * * * attached." And Sec. 4995 provides what the affidavit shall state in order to authorize the clerk to issue the warrant of attachment. Secs. 4893, 4894, prescribe what shall be inserted in the summons. The summons and affidavit in this case stated all the facts required by the statute to be stated in a summons and affidavit. It is not competent for this court to add any other requirement to those prescribed by the statute. The question, therefore, is not whether the plaintiff presented evidence at the time the warrant of attachment was issued that it was a corporation, but whether or not at that time it was in fact a corporation, if it was in fact a corporation, it was a plaintiff, and a proper plaintiff. The record in this case, upon a careful re-examination, discloses the fact that upon the hearing in the court below it was shown not only by the allegations in the plaintiff's complaint, made a part of defendant's record, upon which his motion was based, but by a duly-certified copy of plaintiff's articles of incorporation, also made a part of the defendant's record, upon which his motion was based, that the plaintiff, at the time the warrant of attachment was issued, and since 1890, had been a corporation duly incorporated under the laws of this state, by the name of the Citizen's Bank. This being so, there was a legal and proper plaintiff in fact at the time the summons and warrant of attachment were issued. The failure of the plaintiff to show in its summons or affidavit for an attachment that it was a corporation constituted no ground for a discharge of the attachment, for the reason that it was not required to be stated in either the summons or the affidavit. An attachment under the Code of this state is a provisional remedy in the action. Comp. Laws, Sec. 4943. The affidavit for an attachment therefore is not a pleading in the action, and only such facts are properly to be stated therein as the statute requires. The allegation as to the incorporation of the plaintiff or defendant, except as provided

by Sec. 4995, should be made in the complaint. State v. Chicago, M. & St. P. Ry. Co., 4 S. D. 261, 56 N. W. 894. This allegation was made in the complaint in this case. The cases relied on by the respondent, and cited in the opinion, when more carefully considered, do not sustain respondent's position. The case of Proprietors of Mexican Mill Co. v. Yellow Jacket S. M. Co., 4 Nev. 40, will be seen upon examination to be a case in which it was expressly stated in the complaint that the plaintiff was "a co-partnership," but no name of any person was given as a co-partner in the title or in the complaint proper. It therefore affirmatively appeared upon the face of the complaint that there was no plaintiff. The court says: "In this instance no person, natural or artificial, is named as plaintiff." The case cited from 73 Ga. 474 (Barbour v. Albany Lodge) is equally inapplicable to the case before us. In that case also it affirmatively appeared upon the face of the complaint that no person, natural or artificial, was sued or named as defendant. If in the title in the summons in the case at bar or perhaps in the affidavit for an attachment, it had affirmatively appeared that the Citizen's Bank was not an artificial person, or in other words, was not a corporation, then, of course, there would be no plaintiff in the action, as there would neither be a natural nor an artificial person named as plaintiff. But in this case the court could not say judicially that, because it did not affirmatively appear by the summons or affidavit that the plaintiff was a corporation at the time the the warrant of attachment issued, there was no plaintiff, no summons, and therefore no action. The name Citizen's Bank was an appropriate one for a corporation, and the fact, as we have seen, fully appeared upon the hearing that it was a corporation when the warrant of attachment was issued. It was, therefore, a legal and proper plaintiff.

Counsel for the respondent very frankly concede that, had the complaint in this case been annexed to the summons, or filed when the warrant of attachment issued, this would have

been sufficient to have authorized the issuance of the attachment. If this is so, it would legally follow that, as the fact that plaintiff was a corporation appeared in the complaint when filed, it would relate back to the time the summons was issued, and have the same effect as if it had been annexed to the summons at the time the warrant of attachment was issued. The plaintiff being authorized by the statute (Comp. Daws, § 4895) to either serve the summons with or without the complaint, and to serve a complaint at a subsequent term, would neither lose nor gain any rights by adopting either course. The rule is thus stated in 4 Enc. Pl. & Prac. p. 605: "A complaint to be good must show a cause of action in favor of the plaintiff and against the defendant existing at the time the action is commenced. But the complaint relates to the time of the commencement of the action, and the rights of the plaintiff are to be determined as they existed when suit was commenced. The complaint is presumed to refer to existing conditions." Mc-Cormick v. Blossom, 40 Iowa 256. Allen v. Newberry, 8 Iowa 65; Townshend v. Norris, 7 Hun. 239; Brown v. Smelting Co., 32 Kan. 528, 4 Pac. 1013. In the latter case the supreme court of Kansas says: "All the pleadings in a suit relate to the commencement of the suit, the same as if all were filed at that time and the rights of the parties are to be determined as they existed at the time the suit was commenced." The last proposition of the opinion of this court is disaffirmed, the judgment of this court is reversed, and the order of the circuit court is reversed, and the court below is directed to enter an order in favor of the plaintiff sustaining the attachment.

FULLER, J., dissenting.