## DEWEY v. KOMAR.

Any error in excluding testimony on cross-examination is cured by its subsequent admission on direct examination.

Under Rev. Code Civ. Proc. § 538, disqualifying attorneys from testifying concerning communications made by or advice given to clients, in an action by the assignee of claims, plaintiff's attorney could not be required to testify whether or not he had advised the assignors, foreign corporations and his clients, to assign the claims to evade laws limiting the right of such corporations to sue.

In an action against the debtor, it was immaterial that an assignment may have been made for the sole purpose of evading laws limiting the right of foreign corporations to sue, the assignors being such corporations, and it was, therefore, immaterial that the assignors had commenced actions on the claims and dismissed them.

The burden being on a debtor, pleading, in defense to an action by the assignee of claims, that the assignors had not complied with laws limiting the right of foreign corporations to sue, to prove those allegations, in the absence of such proof witnesses could not be asked questions predicated upon the assumed existence of the facts pleaded.

(Opinion filed, December 21, 1906.)

Appeal from County Court, Lawrence County. Hon. GRANVILLE G. BENNETT, Judge.

Action by Lawrence H. Dewey against Jacob Komar. From a judgment for plaintiff, defendant appeals. Affirmed.

*Joseph B. Moore,* for appellant.   *H. E. Dewey,* for respondent.

CORSON, J.  This action was commenced in the county court of Lawrence county by the plaintiff, as assignee of an account, against the defendant, and as indorsee of two notes executed by the defendant. The case was tried to the court without a jury and the findings and judgment being in favor of the plaintiff the defendant has appealed from the same and the order denying a new trial.

The defendant alleges in his answer, in substance, that the assignor of the account and the indorser of the notes were foreign corporations and had not complied with the laws of the state of South Dakota, requiring such corporations, before commencing an action in this state, to file with the Secretary of State their articles of incorporation and appoint resident agents upon whom service of process might be made; that said corporations severally commenced actions in the justice court of Lead City to recover the amounts due

upon said account and said promissory notes; that, when the cases were called for trial, plaintiff's counsel announced that he was not prepared to prove that said corporations had complied with the laws of this state, and thereupon the cases were continued and subsequently dismissed by said counsel for said corporations; that subsequently thereto the said account was assigned and the said promissory notes indorsed by said corporations to the plaintiff herein, who is the son of the attorney for said corporations and for the plaintiff herein, for the purpose of evading the laws of this state; and the defendant in addition to the above affirmative answer denied all the allegations of the complaint.

On the trial the plaintiff offered evidence tending to prove that the account was duly and legally assigned to the plaintiff and that the two notes before mentioned were duly and legally indorsed and transferred to the plaintiff; that neither the amounts due on the notes nor the account had been paid, and rested. The defendant was allowed to prove, by plaintiff's attorney and the records of the justice court, that the two actions were commenced as alleged and were subsequently dismissed, but no evidence was given or offered, proving or tending to prove, that said corporations had not complied with the laws of this state. While plaintiff's attorney was upon the stand as a witness on the part of the plaintiff, he was asked certain questions on cross-examination to which objections were made on the ground that they did not constitute proper cross-examination. These objections were sustained and counsel for defendant excepted. These questions related mainly to the commencement of the actions in the justice court, above referred to, and their continuance and dismissal, and we are of the opinion that the court ruled correctly in sustaining the objections, but, if the court committed error in excluding these questions, the error was cured by the subsequent proceedings in the case in which the same facts were proven on the direct examination of plaintiff's attorney. At the close of plaintiff's case the attorney for plaintiff was called as a witness on the part of the defendant and the folowing question propounded to him: "Now, Mr. Dewey, isn't it a fact that you afterwards advised the Tootle, Wheeler & Motter Mercantile Company and the Barton-Parker Manufacturing Com-

pany to assign these claims over to your son, * * * in order that you might bring these actions in his name for the sole purpose of evading the laws of this state relating to foreign corpoartions? * * *" This question was objected to, and sustained by the court, upon the grounds "that the question sought to elicit advice given by counsel to clients; and that such communication was privileged and could not be inquired into." Any communication between an attorney and client is clearly privileged and cannot be given in evidence by the attorney without the consent of the client. Section 538 of the Rev. Code of Civil Proc. provides as follows: "There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore, a person cannot be examined as a witness in the following cases: (1) An attorney cannot, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment." The question was, therefore, improper, and the court was clearly right in sustaining the objection thereto. The witness was then asked the following question: "Isn't it a fact, Mr. Dewey, that you have simply caused these accounts to be assigned to your son, * * * for the sole purpose of evading the provisions of the laws of the state of South Dakota? * * *" This question was objected to as immaterial, irrelevant, and incompetent, and the objection was sustained. This objection, in our opinion, was properly sustained, not only upon the grounds of the former ruling, but also, for the reason that it was entirely immaterial what reasons the corporations had for transferring the account and the notes to the plaintiff. This question was fully settled in the case of Citizens' Bank v. Corkings, 9 S. D., 614, 70 N. W. 1059, 62 Am. St. Rep. 891, in which this court used the following language: "By the assignment in this case the corporation devested itself of every legal attribute of a party plaintiff, and invested respondent with a complete legal title to the property transferred, together with the exclusive right to collect and receive the entire proceeds thereof by suit or otherwise, and the fact that the consideration was made to depend upon the collection as a contingency is a matter between the immediate parties, and one with which strangers have not the slightest con-

cern." While certain propositions made in that case were subsequently disaffirmed in the same case reported in 10 S. D. 99, 72 N. W. 99, the statement of law as laid down in this quotation was not questioned. It will be noticed that the defendant in the action at bar filed no counterclaim; and hence it was not material to him in whose name the action was instituted, so long as the plaintiff therein had the legal title as indorsee of the notes and assignee of the account, as the recovery by such plaintiff would be a bar to any action by the corporations. The learned author of the article on "Assignments" in 4 Cyc. 31, in speaking upon this subject says: "As to the obligor in the chose, the rule is sometimes broadly stated to be that the subject of consideration, or want thereof, is not open to him, his obligation being to pay, and it being immaterial to him whether the party to whom he is compelled to pay gave value for the obligation or not, the only interest of the obligor being that he shall be required to pay his debt to but one person." This rule of course is limited to legal assignments or transfers and not to equitable assignments. In the latter cases courts of equity require proof of the consideration in order to sustain an equitable assignment. Id. 32. The fact, therefore, that the corporations had commenced actions on the notes and account in controversy, which actions were dismissed, was clearly immaterial and irrelevant, and did not constitute, or tend to constitute, any defense whatever in this action.

It is the contention of appellant that defendant could have defeated the action of the corporations had they commenced the action before complying with the law, and he, therefore, could make the same defense to this action brought by the assignee of the account and the indorsee of the notes under the provision of section 81 of the Rev. Code of Civ. Proc. which reads as follows: "In case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defense existing at the time of, or before notice of, the assignment; but this section shall not apply to a negotiable promissory note or bill of exchange, transferred in good faith, and upon good consideration, before due." But we are of the opinion that this contention is untenable for the reason, as before stated, that no evidence was given or of-

fered, proving, or tending to prove, that the corporations mentioned had not fully complied with the laws of this state, and, defendant having alleged in his answer that they had not, the burden was upon him to sustain these allegations by competent evidence, and the assumption of defendant's counsel, in the questions propounded that the corporations had not complied with the law was entirely unwarranted.   In the view we take of the case, therefore, it will not be necessary for us to determine in this case whether or not the defense sought to be interposed by the defendant comes within the provisions of the section above quoted.

Finding no error in the record, the judgment of the county court and order denying a new trial are affirmed.