## COFFIN v. SMITH.

Where property was bought from a foreign corporation by means of written orders which were accepted and filled in foreign states, the sales were consummated in such states, even though shipments were made "f. o. b.'Sioux Falls, S. D.," so that the corporation's assignee could recover the purchase price though the corporation had not complied with Civ. Code, §§ 883-885, providing certain prerequisites before a foreign corporation could maintain an action in the state on a claim.,

In an action on an assigned claim, in which the answer, though pleading a general denial, also alleged that "the transfer to plaintiff of the pretended claim" of the assignor, which was a foreign corporation "was without any further consideration or purpose than to evade, if possible," certain sections of the Civil Code, the assignment stood admitted, so as not to call for proof.

(Opinion filed December 3, 1910.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by C. P. Coffin against Edgar L. Smith. Judgment for plaintiff, and defendant appeals. Affirmed.

*Aikens & Judge,* for appellant. *Davis, Lyon & Gates,* for respondent.

WHITING, P. J. This action was brought by the respondent, as assignee of the Illinois Steel Company, a foreign corporation, to recover the balance due on the purchase price of a lot of cement purchased by the appellant of such company. Trial was had before the court without a jury. Findings, conclusions, and judgment were entered herein in favor of this respondent. A motion for new trial was denied, and appeal taken.

It is the contention of appellant that the transaction out of which the cause of action arose was one pertaining only to business within the state of South Dakota, and that, inasmuch as it is admitted that the Illinois Steel Company was a foreign corporation, and that it had never complied with the provisions of sections 883 to 885 of the Revised Civil Code of this state, such transaction was unlawful, and such corporation acquired no right of action based thereon; and it is the further contention of appellant that the assignment was merely colorable, thus leaving respondent in no better position than the corporation would be if it had brought this action. We think the evidence clearly shows that this transaction did not pertain to business within this state. It clearly appears that the cement was purchased by means of written orders sent by appellant to respondent at its offices in other states; that such orders were not taken by any agent of respondent in this state; that such orders were accepted and filled in the foreign states—the cement being all shipped from points without this state. It is true that the cement was shipped "f. o. b." Sioux Falls, S. D., but we do not regard this as sufficient to render this a South Dakota transaction. Dannemiller et al. v. Kirkpatrick, 201 Pa. 218, 50 Atl. 928; Coit & Co. v. Sutton, 102 Mich. 324, 60 N. W. 690, 25 L. R. A. 819; State v. Carl, 43 Ark. 353, 51 Am. Rep. 565; Flint, etc., v. McDonald, 21 S. D. 526, 114 N. W. 684, 14 L. R. A.

(N. S.) 673, 130 Am. St. Rep. 735; Sucker State Drill Co. v. Wirtz Bros., 17 N. D. 313, 115 N. W. 844, 18 L. R. A. (N. S.) 134; Butler Bros. Shoe Co. v. U. S. Rubber Co., 156 Fed. 1, 84 C. C. A. 167.

Appellant insists that the evidence is not sufficient to prove that all the cement claimed to have been shipped by respondent's assignor was shipped by it. It appears that some of the cement was shipped from Minneapolis by another corporation. It, however, clearly appears that such Minneapolis corporation was the agent of respondent's assignor, and as such made the shipments.

Upon the trial, respondent offered, and there was received in evidence, a written assignment of the claim sued on. This assignment was executed by an officer of the Illinois Steeel Company. Respondent also placed in evidence proof of a ratification of such assignment by the directors of such corporation. Appellant insists that there is no evidence showing that the officer who executed the assignment was authorized to execute the same; and, moreover, that the pretended ratification is immaterial, as it took place after this action was started. Under the view which we take of the issues before the trial court, it becomes unnecessary to pass upon the above matters. Respondent in his complaint alleged that the claim sued upon had been assigned to him, and that he was the owner thereof. Appellant, answering, first pleaded a general denial, and then for a further defense, among other things, pleaded: "The transfer to plaintiff of the pretended claim of said Illinois Steel Company against these defendants was without any other or further consideration or purpose than to evade, if possible, the provisions of sections 883, 884, and 885 of the Revised Civil Code of the state of South Dakota." This is far different than entering a general denial, and then alleging that, even if there were such a pretended assignment or transfer, it "was without any other or further consideration," etc. Such a pleading would leave denied the fact of any assignment. But the pleading in this case, taken as a whole, was an admission that there had been a transfer, and an attack upon the legal effect of such transfer. It was therefore unnecessary to prove any assignment of the claim.

The claim being valid as between the foreign corporation and appellant, then, under the rulings of this court, it was absolutely immaterial if the assignment to respondent was "without any other or further consideration or purpose than to evade  *  *  *  the provisions of section 883, 884, and 885 of the Revised Civil Code." Citizens' Bank v. Corkings, 9 S. D. 614, 70 N. W. 1059, 62 Am. St. Rep. 891; Dewey v. Koman, 21 S. D. 117, 110 N. W. 90.

The judgment and order appealed from are affirmed.