WILLIAMSON, Appellant, v. ABERDEEN AUTOMOBILE AND SUPPLY COMPANY, Respondent.

### (155 N. W. 2.)

(File No. 3793.    Opinion filed December 1, 1915.)

**Pleadings—Answer—Foreign Corporation Plaintiff—Failure to Com-**

ply With Statute—Allegation of Assignment of Claims to
Plaintiff to Evade Statute—Ownership of Claims—Immaterial
Instruction.

In a suit by an assignee of a note and an account for goods
sold by the assignor to defendant, in which the answer, after
admitting the assignment of the note and account to plaintiff,
alleged that plaintiff was not the owner of the note and ac-
count, that the assignor and vendor of the goods was a foreign
corporation that had not filed with the secretary of state a
copy of its articles, had not appointed a resident agent nor
filed a copy of such appointment pursuant to Secs. 883, 884,
885, Civ. Code, and that the assignment of the note and account
was made to plaintiff for the purpose of enabling the assignor
to avoid the said provisions of the Code, held, that an instruc-
tion by the trial court that a question to decide was whether
plaintiff owned the note and account sued on, and that if he
was not the real owner, verdict should be for defendant, was
erroneous; that defendant's answer raised no defense; that the
assignments in question were matters between the parties there-
to in which strangers have no concern.

Appeal from Municipal Court of Brown County. Hon. Geo.
W. Crane, Judge.

Action by G. N. Williamson, against the Aberdeen Automobile
and Supply Company, upon a promissory note and an account for
goods sold. From a judgment for defendant, and from an order
denying a new trial, plaintiff appeals. Reversed and remanded.

*Williamson and Williamson,* for Appellant.

*Fred G. Huntington,* and *Max Stokes,* for Respondent.

Appellant cited:

Dewey v. Komar, (21 S. D. 117) 110 N. W. 90; Sioux Rem-
edy Co. v. Cope, 59 U. S. L. Ed., 57.

McCOY, P. J. There was a verdict and judgment for de-
fendant, and plaintiff appeals.

Plaintiff alleged two separate causes of action: (1) Upon a
promissory note for $671.80, executed and delivered by defendant
to the Federal Rubber Manufacturing Company, and indorsed
and delivered to plaintiff by said payee; (2) upon an account for
$236.30 for goods, wares, and merchandise sold and delivered to
defendant by the Federal Rubber Manufacturing Company, and
which account by written assignment was transferred to plaintiff.

Defendant made answer, alleging that plaintiff is not the
owner of said note and account; that the Federal Rubber Manu-

facturing Company is a foreign corporation that has not filed in the office of the secretary of state a duly authenticated copy of its articles of incorporation, and has not appointed an agent residing within this state authorized to accept service of process, and has not filed and recorded a copy of such appointment; that the assignment of said note and account to plaintiff was made by the said Federal Rubber Manufacuring Company, a foreign corporation, for the purpose of enabling it to avoid the provisions of section 883, 884, and 885 of the Civil Code. Defendant also pleaded payment; that the consideration for said note and account was automobile casings, tires, and other supplies, warranted by said Federal Rubber Manufacturing Company to defendant; that there had been a breach of such warranty; and that many of the casings, tires, and other supplies had been returned to said Federal Rubber Manufacturing Company, and that defendant had been damaged by reason of the breach of such warranty; and that by reason thereof defendant was not indebted to plaintiff upon said note and account.

On the trial the plaintiff produced the original note, containing thereon the written indorsement thereof to plaintiff by said Federal Rubber Manufacturing Company; and plaintiff also offered in evidence the written assignment of said account to plaintiff by said Federal Rubber Manufacturing Company, together with evidence tending to establish the genuineness of the indorsement of the note and assignment of account. There was no evidence of any charactr offered by defendant tending in any manner to contradict said indorsement of note or assignment of account. There was much evidence introduced pro and con relative to the breach of warranty, payments and damages.

The court, among other things, instructed the jury as follows:

"The first question you are to decide is whether or not the plaintiff in this action owns the note and account sued on, and if you find from the evidence, by the preponderance of such evidence, that the plaintiff is not the real owner of said note and account, then your verdict should be for defendant."

To the giving of this instruction the plaintiff duly excepted, and now contends that the giving of such instruction was error. We are of the view that appellant is right in this contention. It submitted to the jury, and permitted it to find a verdict for defend-

ant, upon a question not in issue. The answer, inferentially at least, admits the assignment of the note and account to plaintiff, but alleges that such assignments were made for the purpose of enabling said Federal Rubber Manufacturing Company to avoid the statute in relation to foreign corporations. This court has heretofore held that such an answer raises no defense; that such assignments are matters between the parties thereto in which strangers have no concern. Bank v. Corkings, 9 S. D. 614, 70 N. W. 1059, 62 Am. St. Rep. 891; Dewey v. Komar, 21 S. D. 117, 110 N. W. 90; Coffin v. Smith, 26 S. D. 536, 128 N. W. 805. It will serve no useful purpose to refer to other assignments of error.

The order and judgment appealed from are reversed, and the cause remanded for further procedure.