BOTTUM, Appellant v. HERR, Respondent

(162 N.W.2d 880)

(File Nos. 10447, 10474. Opinion filed November 22, 1968)

**Morris Myers,** Aberdeen, for plaintiff and appellant.

**Martens, Goldsmith, May & Porter,** Pierre, for defendant and respondent.

HOMEYER, Judge.

This appeal involves primarily a problem of nonjoinder of parties in an action to recover on a lost promissory note.

The complaint alleged that the defendant, Delane D. Herr, on or about March 1, 1964, executed and delivered to Roland E. Bauer, his promissory note for $7,500 due March 1, 1965, with interest at 8% per annum. That said note was lost by the payee on or about August 1, 1965, and was not endorsed when lost. That on or about March 1, 1965, $1,000 was paid on the principal and $600 in interest. That Bauer assigned the note to the plaintiff, Joseph H. Bottum III, on February 1, 1966, and a copy of the assignment is attached to the complaint. Judgment for $6,500 with interest from March 1, 1965, is asked for.

The assignment recited it was made as collateral security for the assignor's indebtedness to the plaintiff, whether due or to become due, and gave him unrestricted power to collect the indebtedness and to renew or extend time of payment. It directed all proceeds collected, less expenses, to be applied on the indebtedness of the assignor to plaintiff.

By Answer, defendant alleged that (1) the complaint did not state a claim upon which relief could be granted, (2) plaintiff lacked capacity to sue, (3) misjoinder and nonjoinder of parties, and (4) denied all allegations of the complaint either on his own knowledge or because he lacked sufficient knowledge thereof.

In answer to an interrogatory served before trial concerning (3) defendant stated Roland E. Bauer was a necessary party.

At the trial, J. Alvin Moore was called as a witness by plaintiff. Moore had acted as scrivener in preparing the note and also a second mortgage on two lots given as security. He testified that Bauer had given him an assignment[1] of the note and mortgage on April 10, 1964, as security for an indebtedness of $5,000 which was later renewed and upon which there was unpaid about $4,600 at the time of trial. It is conceded that plaintiff had no notice or knowledge of this assignment until it was produced at the trial which began March 9, 1967.[2] Moore's discovery deposition was taken by the defendant on March 1, 1967. Nothing in such deposition indicates an assignment to him or his interest in the note he prepared. When shown the assignment, Exhibit 3, Bauer acknowledged his signature to the instrument, but he had no recollection of executing an assignment to anyone other than plaintiff.

At the close of plaintiff's case, defendant moved for a directed verdict on three grounds: (1) Plaintiff was not the real party in interest; (2) The Assignment was void because it was champertous, and (3) Plaintiff had failed to establish his cause of action by clear and convincing evidence. Prior to a ruling, defendant withdrew (2) and (3) and asked the court to grant his motion "on the sole ground that the plaintiff is not the real party in interest" because of the assignment to Moore mentioned supra. The court granted the motion on this ground and a judgment of dismissal was entered from which plaintiff has appealed.

1. The assignment, Defendant's Exhibit 3, reads:
"ASSIGNMENT OF INTEREST. I Roland Bauer do hereby assign all my rights in one promisory and mortgage of lots twenty nine and thirty block fifty six (lts 29&30 blk 56) fifth (5th) railway addition to the city of Pierre, Hughes county South Dakota sign by DD Herr and Ella Mae Herr, husband and wife.
These rights are a promisory note of $7500 and a second mortgage to secure said note.
 Roland E. Bauer (s)
 ————————————————
 Roland Bauer"

2. On September 9, 1966, Moore wrote counsel for plaintiff (plaintiff's exhibit 1): "In answer to your question about a note between Roland E. Bauer & Delane D. Herr. On March 1, 1964, I prepared a Promissory note and mortgage for Mr. Bauer & Mr. Herr. They both came to me and ask me to type up a note & mortgage form in the amount of $7500 I notarized the signature of Delane D. Herr & I also notarized the signature of Mrs. Delane D. Herr on the mortgage papers at Mr. Herr home.
I didn't make a copy of the note or mortgage. This mortgage was a second to a first mortgage to First National Bank of Pierre So. Dak."

■ The evidence developed at the trial showed a sufficient assignment of legal title for purposes of collection so that under RCP 17(a), (SDCL 1967 § 15-6-17(a)) plaintiff was authorized to maintain an action to recover on the lost promissory note. J. F. Anderson Lumber Co. v. National Surety Co., 49 S.D. 235, 207 N.W. 53; Citizens Bank v. Corkings, 9 S.D. 614, 70 N.W. 1059; Dewey v. Komar, 21 S.D. 117, 110 N.W. 90. It shows a substantial indebtedness from Bauer to plaintiff when the assignment was made. Thus it was not void as champertous. SDC 13.1253. The statute does not prohibit an attorney from taking an assignment of a chose in action or evidence of debt in payment of services actually rendered or as security for his services rendered or to be rendered in litigation. 14 Am.Jur.2d, Champerty & Maintenance, § 5; 14 C.J.S. Champerty & Maintenance § 14. In Savage v. Horne, Fla., 49 So.2d 329, the court said: "It is not champerty for a client to assign to his attorney an interest in the subject matter of the suit as security for payment for his services, or in payment of a precedent debt or for services actually rendered." See also Hudson v. Sheafe, 41 S.D. 475, 171 N.W. 320, which is cited in the opinion. The fact that Bauer's claim against defendant if paid in full would have exceeded his indebtedness to plaintiff does not make the transaction champertous. By the express terms of the instrument plaintiff was required to account for amounts collected and to apply the same to such indebtedness.

■ From the present state of the record it appears J. Alvin Moore was a necessary party. A necessary party is one without whom a complete determination or settlement of the questions involved cannot be made. Keeley Lumber & Coal Company v. Dunker, 76 S.D. 281, 77 N.W.2d 689. Likewise, in our opinion, Roland E. Bauer, the assignor, was a necessary party. The record shows that he was the equitable owner of the lost note subject only to interests therein claimed by Moore and plaintiff as security for indebtedness owed them by Bauer. To determine the entire controversy both Moore and Bauer were necessary parties to the action. This does not mean, however, that the court was correct in dismissing the action.

RCP 21, (SDCL 1967 § 15-6-21), does not make misjoinder of parties a ground for dismissal. Parties may be added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Since Moore and Bauer have or claim to have a joint interest, they should be joined as plaintiffs, or if they refuse, as defendants. RCP 19(a), (SDCL 1967 § 15-6-19(a)). Failure to join necessary parties is not a jurisdictional defect and the proper practice is to continue the suit or delay the trial until they can be brought in.[3] Flowers v. Germann, 211 Minn. 412, 1 N.W.2d 424; Renner v. Crisman, 80 S.D. 532, 127 N.W.2d 717. Even where parties have been said to be indispensable, ordinarily a dismissal should not be ordered, but an opportunity should be afforded to bring in such parties. Warner v. First National Bank of Minneapolis, 8 Cir., 236 F.2d 853; Mattson v. Cuyuna Ore Co., 24 F.R.D. 363; 3 Moore's Federal Practice, § 21.04; 2 Barron & Holtzoff, Federal Practice and Procedure, § 542.

The judgment of dismissal is reversed and the case is remanded to the trial court for further proceedings not inconsistent with this opinion. If appellant fails or refuses to join such parties so that a complete determination of matters in controversy can be accomplished, after the opportunity is offered, the complaint of course should be again dismissed.

Defendant-respondent has filed a cross appeal and plaintiff-appellant has filed a motion to dismiss. The matter was heard on March 18, 1968 and an order was entered deferring disposition of the motion until the appeal could be heard on its merits. Cross appellant's action in limiting his motion for directed verdict to the sole ground that plaintiff was not the real party in interest and withdrawing the other two points which he now urges in his cross appeal deprived the trial court of an opportunity to rule on such grounds. He cannot now assert error on matters not considered by or ruled upon in the trial court. Neither is he an aggrieved party when the judg-

---

3. At the close of the evidence and in resistance to defendant's motion to dismiss, plaintiff moved to join Moore as a party plaintiff. The court denied the motion.

ment is in his favor. Gustafson v. Gate City Cooperative Creamery, 80 S.D. 430, 126 N.W.2d 121. The cross appeal should be dismissed and it is so ordered.

 Nevertheless, respondent urges champerty and failure of adequate proof as reasons for sustaining the judgment of dismissal. If a directed verdict should have been granted for any reason, the trial court can be sustained though the precise reason given for its action is erroneous. Security State Bank v. Sykora, 51 S.D. 407, 214 N.W. 809.

 If the assignment to plaintiff was in fact champertous it would be void and plaintiff could not maintain an action based on such assignment. Kenrich Corporation v. Miller, 1966, 256 F.Supp. 15. However, for reasons stated supra we have held the assignment was not champertous and thus he is not entitled to prevail on this theory.

 It is a well recognized principle of law that a person does not lose his right to property or to a debt by losing the instrument containing a statement of the right. The writing itself does not give the right. It is only primary evidence thereof and its loss or destruction in no respect changes the obligations of the parties. Johnston v. Wolf, 118 Cal.App. 388, 5 P.2d 673, 54 C.J.S. Lost Instruments § 2. By the loss the owner's evidence is impaired, but he may still enforce his right by proving the contents of the lost instrument by secondary evidence. As a general rule the evidence of the former existence, execution, delivery, loss, and contents of a lost instrument should be clear and convincing. 54 C.J.S. Lost Instruments § 27(e), p. 834; 34 Am.Jur., Lost Papers and Records, § 62; Annot., 148 A.L.R. 400. Generally these are matters to be determined in the trial court. See Cromwell v. Hosbrook, 81 S.D. 324, 134 N.W.2d 777. Upon the record before us we are not prepared to say as a matter of law that the required quality of proof was lacking in this case.

Reversed and remanded.

All the Judges concur.