108 N.J. Super. 129 (1970)
260 A.2d 244
ROBERT TOKER AND MILDRED TOKER d/b/a BUDGET ASSOCIATES OF NEW JERSEY, AS ASSIGNEE OF PEOPLE'S FOODS OF NEW JERSEY, INC., PLAINTIFFS-APPELLANTS,
v.
JEFFREY OTTO PERL, a/k/a JEFFERSON OTTO PERL AND DIANE PERL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 10, 1969.
Decided January 5, 1970.
*130 Before Judges CONFORD, COLLESTER and KOLOVSKY.
Mr. Charles B. Turner argued the cause for appellants.
Mr. Ronald B. Rosen argued the cause for respondents (Messrs. Chamlin and Schottland, attorneys).
PER CURIAM.
Two separate and distinct reasons were given by the trial court for holding unenforceable the installment sales contract made between defendants and plaintiffs' assignor People's Foods of New Jersey, Inc., viz.:
(1) People's Foods defrauded defendants when it procured their signatures on the freezer contract. Their agent led defendants to believe that the freezer was included in the price for the food plan. Nowhere in the record is there any evidence that defendants ever knew *131 they were signing an installment contract for a freezer. [103 N.J. Super., at 502-503]
(2) the exorbitant price of the freezer makes this contract unconscionable and therefore unenforceable. N.J.S. 12A:2-302. [103 N.J. Super., at 503]
We deem it unnecessary to express an opinion either as to the merits of the second reason or as to the relevance of N.J.S.A. 12A:2-302 since we are satisfied that the judgment for defendants should be affirmed on the basis of the first-stated reason.
The evidence fully supports the trial court's express findings that defendants' signatures to the contract for a freezer were procured by fraud and that there is no justification for involving an estoppel against defendants. Further, contrary to what plaintiffs now argue, the evidence supports the court's implicit determination that under the circumstances of this case defendants had not ratified the contract by making payments totalling $91.08. Those payments were made in reliance on the representation of one of People's Foods' officers that the contract was binding on defendants because they had used the freezer to store the 18 weeks' supply of food which People's Foods had delivered to them. No further payments were made after defendants learned that the representation was not true. Cf. Hemming v. Ald, Inc., 279 Minn. 38, 155 N.W.2d 384, 387 (Minn. Sup. Ct. 1967).
We find no substance in plaintiffs' present additional contention, which is contrary to settled law and their express stipulation at the trial, that defenses available against their assignor, People's Foods, are not available against them because they are bona fide assignees of the contract. Nor does the waiver of defenses clause in the contract aid plaintiffs. The clause is void as against public policy. Unico v. Owen, 50 N.J. 101, 123-126.
The judgment is affirmed.