John W. BOEVER, Plaintiff and Appellant,

v.

SOUTH DAKOTA BOARD OF ACCOUNTANCY and Casey Peterson, Chairman of the South Dakota Board of Accountancy, Defendants and Appellees.

No. 18648.

Supreme Court of South Dakota.

Argued Sept. 12, 1994.

Decided Feb. 1, 1995.

Michael M. Billion of Woods, Fuller, Shultz & Smith, Sioux Falls, for plaintiff and appellant.

Mark Barnett, Atty. Gen., Sheri Sundem Wald, Asst. Atty. Gen., Pierre, for defendants and appellees.

ZINTER, Circuit Judge.

As the result of an "adverse quality review," the South Dakota Board of Accountancy (Board) commenced an administrative disciplinary proceeding against John W. Boever (Boever), a certified public accountant. After the disciplinary proceeding was concluded, Boever filed a complaint in circuit court challenging the constitutionality of the statutes which authorize quality reviews and the discipline of accountants. Because there was no indication further disciplinary proceedings were anticipated, the circuit court dismissed the complaint concluding that Boever's constitutional challenges were not ripe for adjudication. We affirm in part, reverse in part, and remand.

FACTS AND PROCEDURAL HISTORY

Boever is a certified public accountant licensed under SDCL ch 36–20A. As a condition of licensure, SDCL 36–20A–15 and ARSD 20:37:13:02 require that all firms practicing public accountancy must undergo quality reviews every three years [1].

In June of 1990, Boever's quality review identified eighteen problems with his work. As a result of that review, Boever agreed to undergo another review of his firm's quality control system and his accounting and auditing practices. The second quality review also identified problems. In addition to those problems, the South Dakota Depart-

---

**1.** SDCL 36–20A–15 provides in part:
  The board may by rule promulgated pursuant to chapter 1–26 require, on either a uniform or random basis, as condition to renewal of firm permits pursuant to § 36–20A–14, that applicants undergo quality reviews conducted in such manner and producing such satisfactory results as the board may specify....

Pursuant to this authority, the Board has adopted ARSD 20:37:13:02 which provides in part:
  A licensed firm, as a condition to renewal of its firm permit pursuant to SDCL 36–20A–14, must undergo a quality review in accordance with this chapter once every three years....

ment of Legislative Audit (DLA) filed a complaint against Boever. The DLA complaint alleged five other deficiencies with Boever's accounting and auditing work.

As a result of the deficiencies identified in the quality reviews and the DLA complaint, the Board initiated an administrative disciplinary proceeding. The notice of hearing (administrative complaint) alleged that Boever was subject to discipline under SDCL 36–20A–20(5) for gross negligence; under SDCL 36–20A–20(6) for the violation of statutes and accounting rules; and under SDCL 36–20A–20(9) for conduct reflecting adversely on Boever's fitness to practice.[2]

Boever admitted all but one of the underlying allegations and he entered into a consent agreement with the Board on August 20, 1992.[3] Under the consent agreement, Boever agreed to undergo another quality review by September 15, 1993. In return the Board agreed to terminate all disciplinary action against Boever arising out of the reported deficiencies.

Although all disciplinary proceedings were terminated, on September 2, 1993, Boever filed a complaint in circuit court seeking a declaration that the Board's quality review and disciplinary statutes were unconstitutional. Boever contended that the statutes were vague and lacked sufficient standards to constitute a lawful delegation of legislative powers.

Both parties filed motions for summary judgment. The Board contended that Boever's claim was not ripe for review. The trial court concluded that:

2. SDCL 36–20A–20 provides in part:
The board may, in accordance with chapter 1–26, revoke any certificate or permit issued pursuant to § 36–20A–8, 36–20A–10, 36–20A–11, or 36–20A–14, or corresponding provisions of prior law, suspend any such certificate or permit or refuse to renew any such permit for a period of not more than five years, reprimand, censure, or limit the scope of practice of any licensee, or place any licensee on probation, all with or without terms, conditions and limitations for any of the following reasons:
  \*      \*      \*      \*      \*      \*
(5) Dishonesty or gross negligence in the practice of public accountancy or in the filing or failure to file personal income tax returns;

Mr. Boever's prior disciplinary proceeding was settled and there is no present controversy. To rule on a declaratory judgment would require speculation as to what facts may arise subjecting Mr. Boever to disciplinary action. What is sought by Plaintiff would in effect be an advisory opinion on a hypothetical state of facts. A justiciable controversy ripe for determination does not exist.

Boever appeals.

## ANALYSIS

■ When reviewing a motion for summary judgment, this Court must determine whether the moving party demonstrated that there are no genuine issues of material fact and that the movant is entitled to a judgment as a matter of law. *Moe v. John Deere Co.,* 516 N.W.2d 332 (S.D.1994). The evidence must be viewed most favorably to the nonmoving party and reasonable doubt should be resolved against the moving party. *Nelson v. Web Water Development Ass'n Inc.,* 507 N.W.2d 691, 694 (S.D.1993). We review conclusions of law de novo. *State v. Harris,* 494 N.W.2d 619, 622 (S.D.1993) (citing *Rusch v. Kauker,* 479 N.W.2d 496, 499 (S.D.1991). In this case there are no genuine issues of material fact. We are only faced with the legal question of ripeness. Therefore, we are free to review the legal conclusion of the trial court.

■ SDCL 21–24–1, South Dakota's Uniform Declaratory Judgment Act, permits the declaration of legal rights or relations before an actual injury occurs. There are, however, four jurisdictional requirements for declaratory relief.

(6) Violation of any of the provisions of this chapter or rules promulgated pursuant to chapter 1–26 by the board ...;
  \*      \*      \*      \*      \*      \*
(9) Any conduct reflecting adversely upon the licensee's fitness to engage in the practice of public accountancy....
There was no allegation of dishonesty in the complaint.

3. Boever's counsel on appeal did not represent him in the administrative proceedings.

"(1) There must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectible interest; and (4) the issue involved in the controversy must be ripe for judicial determination."

*Danforth v. City of Yankton*, 25 N.W.2d 50, 53 (S.D.1946) (quoting *State v. Dammann*, 220 Wis. 17, 264 N.W. 627, 629 (1936)).

■■■ This case involves the fourth requirement of ripeness. Ripeness involves the timing of judicial review and the principle that "[j]udicial machinery should be conserved for problems which are real and present or imminent, not squandered on problems which are abstract or hypothetical or remote." *Gottschalk v. Hegg*, 228 N.W.2d 640, 643–44 (S.D.1975) (quoting Davis, *Administrative Law Treatise*, § 21.01. Courts should not render advisory opinions or decide moot theoretical questions when the future shows no indication of the invasion of a right. *Kneip v. Herseth*, 214 N.W.2d 93, 96 (S.D. 1974). Although declaratory relief is designed to determine legal rights or relations before an actual injury occurs, courts ordinarily will not render decisions involving future rights contingent upon events that may or may not occur. *Id.* Even if a court has jurisdiction to decide the constitutionality of the law, it should decline to do so if the issue is so premature that the court would have to speculate as to the presence of a real injury. *Meadows of West Memphis v. City of West Memphis*, 800 F.2d 212, 214 (8th Cir.1986).

Boever contends that he will be subjected to a real constitutional injury by the future operation of the quality review and disciplinary statutes. Because there is a difference in the likelihood that Boever will be subjected to future discipline and the likelihood that he will be subjected to further quality reviews, we address the ripeness of each constitutional challenge separately.

■■■ Boever did not demonstrate the likelihood of future discipline under SDCL 36–20A–20. At the time Boever filed his complaint in circuit court, the disciplinary action was resolved. Boever retained his license as a certified public accountant and there was no evidence that the Board contemplated further disciplinary action in the future. Because there was no indication that Boever would be disciplined under SDCL 36–20A–20, his constitutional challenge to that statute was dependent upon the future occurrence of conduct and events that were uncertain and unknown. Consequently, we agree with the trial court that there was no real, present or imminent controversy presented, the challenge involved speculation, and Boever's constitutional challenge to SDCL 36–20A–20 was not ripe for review.

The challenge to the quality review statute is, however, substantially different. SDCL 36–20A–15 and ARSD 20:37:13:02 require every licensed firm engaged in public accounting to automatically undergo a quality review every three years. Boever was to have completed a review by September 15, 1993, and his right to practice accounting is dependent upon further periodic reviews. The future quality reviews are required even if there is no factual basis for discipline.

■■■ A matter is sufficiently ripe if the facts indicate imminent conflict. *Kneip*, 214 N.W.2d at 99. Here, Boever was to be "quality reviewed" by September 15, 1993 and periodically thereafter. The conflict about future quality reviews was imminent and inevitable. Consequently, we conclude that the constitutional challenge to SDCL 36–20A–15 was ripe for review.

■■■ Because the trial court did not reach the merits of Boever's constitutional challenge to SDCL 36–20A–15, we must next determine whether to address that issue in this appeal. We exercise considerable discretion whether to decide constitutional issues for the first time on appeal. Generally, we will not grant appellate review to constitutional issues raised for the first time on appeal. *Accounts Management, Inc. v. Williams*, 484 N.W.2d 297 (S.D.1992); *Sharp v. Sharp*, 422 N.W.2d 443 (S.D.1988); *Carr v. Core Industries*, 392 N.W.2d 829 (S.D.1986); *Bayer v. Johnson*, 349 N.W.2d 447 (S.D. 1984); *Mayrose v. Fendrich*, 347 N.W.2d 585

(S.D.1984). Although Boever raised the constitutional issue in his complaint, we have also stated that we will not decide an issue in this court until the trial court has had an opportunity to pass upon it. *Fullmer v. State Farm Ins. Co.*, 514 N.W.2d 861, 866 (S.D.1994). *See also, Bottum v. Herr*, 83 S.D. 542, 162 N.W.2d 880, 883 (1968) (a party cannot now assert error on matters not considered by or ruled upon in the trial court); *Schull Constr. Co. v. Koenig*, 80 S.D. 224, 119, 121 N.W.2d 559, 561 (1963) (a reviewing court will not consider matters not properly before it or matters not determined by the trial court). These guidelines are not, however, absolute. We have adopted an exception when the constitutional question is a matter of considerable importance to the public policy of the state. *Sharp*, 422 N.W.2d at 446. However, we have not automatically followed this exception when the matter was not an "existing emergency." *Id.*

Here, Boever has not argued that his claim involves a matter of considerable importance to the public policy of the state. There is also no evidence of an existing emergency. Consequently, we decline to decide the constitutional issue before the trial court has an opportunity to fully consider it.

Affirmed in part, reversed in part, and remanded for further proceedings.

MILLER, C.J., and SABERS and KONENKAMP, JJ., and WUEST, Retired Justice, concur.

ZINTER, Circuit Judge, for AMUNDSON, J., disqualified.